## E. E. Saxton v. City of Peoria.

1. CITIES AND VILLAGES—*Grant of Power to Pass Police Regulations Construed.*—Any regulation passed by a city council having for its object the prevention of acts tending to a breach of the peace, or the protection of private rights, falls within the meaning of the legislative provision granting to cities and villages the power to regulate their police and to pass and enforce all necessary police ordinances.

2. SAME—*An Ordinance Held to be a Proper Exercise of Police Powers.*—A city ordinance providing that, "Any person who shall within said city * * * enter any private premises against the consent of the owner or occupant thereof, or shall trespass upon any private premises * * * shall, on conviction, be fined," etc., is a proper and valid police regulation.

Complaint, before a justice of the peace. Appeal from the County Court of Peoria County; the Hon. R. H. LOVETT, Judge, presiding. Heard in this court at the December term, 1897. Affirmed. Opinion filed February 28, 1898. Rehearing denied May 19, 1898.

HAMMOND & WYETH, attorneys for appellant.

The grant of police power to the city, Ch. 24, Art. V, sub-head 66, " to regulate the police of the city or village, and pass and enforce all necessary police ordinances," does not empower the city to enact the ordinance in question as involved in this case. Huesing v. City of Rock Island, 128 Ill. 465; Village of. Cerro Gordo v. Rawlings, 135 Ill. 36; Bregguglia v. Borough of Vineland, 53 N. J. L. 168; City of Goshen v. Crary, 58 Ind. 268.

There is a strict construction of delegated powers. When doubtful, held not to exist. Twining v. City of Elgin, 38 Ill. App. 356.

Police regulations, if unjust, unreasonable or in restraint of common rights, are void. Hawes v. City of Chicago, 158 Ill. 653; Twining v. City of Elgin, *supra*.

A specific enumeration of powers is an exclusion of power to do anything further or different upon such subject; such enumeration acts as a limitation upon the general power conferred. So it has been held that the general police power clause can not be invoked to sustain ordinances which enlarge the meaning of other express grants, as, for a familiar instance, sub-head 41 of above Art. V, relating to licensing and prohibiting peddlers, etc. Huesing v. City of Rock Island, 128 Ill. 465; Village of Cerro Gordo v. Rawlings, 135 Ill. 36; Village of Des Plaines v. Poyer, 123 Ill. 348; City of Chicago v. Phœnix Ins. Co., 126 Ill. 276.

The State has full and ample police power upon all subjects. It limits its grants of power to cities.

W. V. TEFFT, city attorney, for appellee; W. I. SLEMMONS, of counsel.

As to the right to punish offenders for trespassing upon private property, we cite the court to the following cases: Beggs v. State, 122 Ind. 54; State v. Glenn, 23 S. E. Rep. 1004; Gray v. Parke, 39 N. E. Rep. 191.

MR. JUSTICE WRIGHT DELIVERED THE OPINION OF THE COURT.

On December 18, 1896, William H. Becker, by sworn complaint, instituted before a police magistrate a suit against appellant, charging him with the violation of section 1676, article 31 of the ordinances of the city of Peoria, the material part of which reads as follows: "Any person, who shall within said city * * * enter any private premises against the consent of the owner or occupant thereof, or shall trespass upon any private premises, * * * shall, on conviction, be fined not less than five dollars, nor more than twenty-five dollars for each and every offense." The case having been removed by appeal to the County Court, a jury was waived and a trial by the court resulted in a finding of guilty against appellant, and a judgment was

rendered against him for $5 and costs, from which he appeals to this court, and for error chiefly urges the admission in evidence by the court of the ordinance in question. Counsel for appellant, in their briefs and arguments, insist upon the invalidity of the ordinance under which the conviction was obtained, and this is the principal question presented to us for decision.

The facts, which we think are not successfully disputed, are these: Becker owned a building called Niagara, in the city of Peoria, in which were offices to rent for various purposes; there were seven floors, five being occupied by offices and the top a lodge. Becker's leases to part of his tenants contained a stipulation that he would not permit beggars, peddlers, book agents, or canvassers of any nature in the building; the halls, corridors and elevators were for the general use of the tenants, their visitors and customers, but the control and care of them was otherwise reserved to the owner. In December, 1896, appellant entered the building to solicit orders of the various occupants of the offices for the purchase of goods then being sold by him, to be thereafter sent to the purchasers. He was informed by Becker that canvassers were not allowed in the building, and upon request appellant then left, but informed Becker that he would return again, with his partner, and canvass the occupants of the building. Appellant returned alone the next morning, but was prevented by Becker from entering the elevator, and after this on the same day returned with his partner, Ladd, entered the building, and undertook to make a canvass of the tenants, soliciting orders for the goods they were selling. Becker saw them, and requested them to desist and leave the building, which they refused to do. There is no evidence tending to show that any of the tenants or occupants of the building had invited or requested appellant to visit them for any purpose, or that any of them desired to see or trade with him, but appellant claimed the independent right to canvass the building, for the purpose of selling his goods, regardless of the wishes of the owner or occupants.

It is insisted there is no provision of the statute conferring power upon the city council to prohibit persons from

entering private premises in the manner and for the purposes shown by the evidence in this case; that the ordinance in question is not in any proper sense an exercise of the power conferred by subdivision 66, section 1, of article 5 of the statute relating to cities and villages, which gives power "to regulate the police of the city or village and pass and enforce all necessary police ordinances." In McPherson v. Village of Chebanse, 114 Ill. 46, the Supreme Court in discussing this provision of the statute, said that the clause "may extend to and embrace a subject-matter of police regulation, under the general police power of the State." This interpretation is broad and comprehensive, and it is plain to see that any regulation passed by the city council having for its object the prevention of acts tending to a breach of the peace or the protection of private rights, would fall within the meaning of the legislative provision. The right to own and enjoy private property, and to control its use, is inherent under our constitution in every person, and one of the natural results of persistent interference by another with such right would generally tend to a breach of the peace. The Niagara building was owned by William H. Becker, and, it being his private property, he alone had the right to control its use, subject to the rights of his tenants. Becker objected, as he had the right to do, to the use of the building by appellant, and in the absence of the consent or request of some one or more of the occupants of the rooms therein, it was the duty of appellant to have respected the private rights of the owner and desisted from further offense.

We have seen the clause of the statute under consideration confers upon the city no less than the police powers of the State, and by reference to section 266, division 1, of the Criminal Code, it will be found that offenses like the one here involved, venial though they may be, are by the legislature included in its exercise of the same power.

We think the ordinance was a proper and valid police regulation and the court properly admitted it in evidence.

The judgment of the County Court will be affirmed.