JAMES MCPHERSON

*v.*

THE VILLAGE OF CHEBANSE.

*Filed at Ottawa May 15, 1885.*

1. CITIES AND VILLAGES—*power to prohibit the keeping open places of business on Sunday.* Cities and villages incorporated under the general Incorporation act, by subdivision 66 of section 62, article 5, giving power "to regulate the police of the city or village, and pass and enforce all necessary police regulations," may pass an ordinance prohibiting persons from keeping open their places of business in such city or village, for the purpose of vending goods, wares and merchandise, on Sunday, and provide a penalty for a violation of the same.

2. SAME—*Sunday ordinance, whether inconsistent with Criminal Code—concurrent powers of municipal authorities and of the State.* The police regulations of a village may differ from those of the State upon the same subject, if they be not inconsistent therewith. A village ordinance prohibiting the keeping open of places of business on Sunday, for the sale of goods, etc., is not inconsistent with the provisions of section 261 of the Criminal Code.

3. SAME—*police powers, under general Incorporation law—of their extent as to subject matter.* Subdivision 66 of section 62, article 5, of the "Act to provide for the incorporation of cities and villages," which reads that the city or village council shall have power "to regulate the police of the city or village, and pass and enforce all necessary police regulations," is not limited in its application to the organization and regulation of a police force, but may extend to and embrace a subject matter of police regulation, under the general police power of the State.

Appeal from the Appellate Court for the Second District;— heard in that court on writ of error to the County Court of Iroquois county; the Hon. Stephen G. Bovie, Judge, presiding.

Mr. William Potter, and Messrs. C. H. & C. B. Wood, for the appellant:

The village board possessed no power to pass ordinances, except such as is expressly granted, or such as is necessary to carry into effect a power expressly granted. *City of Alton* v. *Fire Ins. Co.* 72 Ill. 328.

Municipal corporations exercise only delegated powers. *Schott* v. *People,* 89 Ill. 195; *Town of Petersburg* v. *Metzker,* 21 id. 205.

The granting of power to license certain occupations and business, specially enumerating them, by a familiar rule of construction must be construed precisely as if the law in express terms inhibited the licensing of all trades and occupations not contained in the enumeration. *City of Cairo* v. *Bross,* 101 Ill. 475.

By the common law, no judicial act could be done on Sunday; but as to all other acts not of a judicial nature, the common law made no distinction between Sunday and any other day. Parsons on Contracts, (5th ed.) 757, note n, and cases there cited.

The power "to regulate the police of the city or village, and pass and enforce all necessary police ordinances," obviously only refers to ordinances for the organization and regulation of a police force that may be created and maintained in cities and villages. *Sheridan* v. *Colvin,* 78 Ill. 245.

Only such labor as disturbs the peace and good order of society, is prohibited by the statute. Crim. Code, sec. 261; *Richmond* v. *Moore,* 107 Ill. 429.

A municipal corporation can not, in virtue of its incidental power to pass by-laws, or under any general grant of author-

ity, adopt by-laws which infringe the spirit or are repugnant to the policy of the State as declared in its general legislation. Dillon on Mun. Corp. (3d ed.) sec. 329.

We claim that the regulations under police powers which such bodies may make, are confined to those enumerated in the act. *Hawthorn* v. *People*, 109 Ill. 302; *Harmon* v. *City of Chicago*, 110 id. 400.

Mr. Tracy B. Harris, and Mr. Thomas S. Sawyer, for the appellee:

The village authorities have power to regulate the police of the village, and pass and enforce all necessary police ordinances. Par. 66, sec. 1, art. 5, of act relating to cities and villages.

The right to pass laws regulating or prohibiting keeping open places of business on Sunday, is referable to police powers. Cooley's Const. Lim. 596, 588; *Specht* v. *Commonwealth*, 8 Pa. St. 312; *State* v. *Ams*, 20 Mo. 214; *Adams* v. *Hamel*, 2 Doug. (Mich.) 73.

The police regulations of the village may differ from those of the State upon the same subject, there being no limit to the power conferred on the village in that subject. Cooley's Const. Lim. 198, 199; *Rogers* v. *Jones*, 1 Wend. 261.

The regulation of labor, trade and traffic on Sunday is within the legitimate power of a city or village, and the ordinance in question is valid. 1 Dillon on Mun. Corp. p. 600, secs. 329, 330; *St. Louis* v. *Cafferatta*, 24 Mo. 94; *State* v. *Cowan*, 29 id. 330; *Frolichstein* v. *Mobile*, 40 Ala. 725; *Hudson* v. *Georcy*, 4 R. I. 485; *Specht* v. *Commonwealth*, 8 Pa. St. 312; *Cincinnati* v. *Rice*, 15 Ohio, 225; *Korwitch* v. *Atlanta*, 44 Ga. 204; *City Council* v. *Benjamin*, 2 Strobh. (S. C.) 508; *Megowan* v. *Commonwealth*, 2 Metc. 3; *State* v. *Welch*, 36 Conn. 215.

Mr. Justice Sheldon delivered the opinion of the Court:

This was a suit to recover from the defendant, who was engaged in the business of vending goods, wares and merchandise in the village of Chebanse, a penalty for keeping open his place of business in said village on Sunday, for the purpose above mentioned, in violation of an ordinance of the village prohibiting persons from keeping open their places of business in the village, for the purpose of vending goods, wares and merchandise, on Sunday. In the county court a demurrer was sustained to the declaration, and judgment was given for the defendant. On appeal to the Appellate Court for the second District, the judgment was reversed, and an appeal taken to this court.

The only point made for the reversal of the judgment of the Appellate Court is, that the village had no power to pass the ordinance in question. Subdivision 66, of section 62, article 5, of the "Act to provide for the incorporation of cities and villages," (Rev. Stat. 1874, p. 221,) gives the power "to regulate the police of the city or village, and pass and enforce all necessary police ordinances." Under this grant of power, we are of opinion, there is found authority for the passage of the ordinance.

It is insisted this clause only refers to the organization and regulation of a police force. We think this a too narrow construction,—that the clause is not limited in its application to police officers, but may extend to and embrace a subject matter of police regulation, under the general police power of the State. Unintermittent toil of body or mind is not the best condition of either. They have need of relaxation and periods of rest from labor, in order for their healthfulness and greatest working efficiency. From the antiquity and general extent of the practice of setting apart one day in seven as a day of rest, that would seem to be denoted as a suitable, if not the necessary, requirement of the human economy as

to the portion of time which should be given to rest from labor. Thus, with the Jews, under the Mosaic code, we find one day in seven (the Sabbath) dedicated to an entire cessation from ordinary labor. Afterward we have the Lord's day. In A. D. 321, Constantine, by edict, ordered the suspension on Sunday of all business in the courts of law, except the manumission of slaves, and all other business except agricultural labor. In Great Britain, from early times, Sunday was set apart as not to be employed in secular labor. With respect to the transaction of judicial business, there came the legal maxim, *dies dominicus non est juridicus*. In the 29th of Charles II, (A. D. 1678,) after there having been passed several previous statutes prohibiting certain acts and business on Sunday, the statute was passed prohibiting the doing of any worldly labor, business or work of one's ordinary calling upon the Lord's day, works of necessity and charity excepted. In this country, statutes of a similar character, prohibiting labor on Sunday to a more or less extent, exist in most, if not all, the States of the Union. Aside from the religious aspect, the appointment of the Sabbath merely as a day of rest from labor, stands recommended as a valuable institution of State policy.

Authorities are cited to the purport that a municipal corporation can not, under any general grant of authority, adopt ordinances which infringe the spirit of the State law, or are repugnant to the policy of the State, as declared in its general legislation; and as our statute (section 261 of the Criminal Code, Rev. Stat. 1874, page 391,) goes only to the extent of forbidding such labor on Sunday as "disturbs the peace and good order of society," it is insisted that the ordinance goes beyond the State legislation on the subject,—that it is inconsistent with and against the policy of the general statute. The police regulations of a village may differ from those of the State upon the same subject, if they be not inconsistent therewith. (Cooley's Const. Lim. 198.) The ordinance does

not prohibit what the statute permits. There is no repugnancy between them. The ordinance may consist with the statute. The former differs from the latter in being more specific. We do not admit that the keeping open of the stores in a village on Sunday is allowable under the statute—that it would not disturb the peace and good order of society. Sunday, as it is observed by common usage, is not only set apart as a day of rest from labor, but it is devoted to religious worship. The consecration of the day to its wonted manner of observance, is a blessing to mankind. Besides the recuperative effect referred to, it has its other beneficent uses. It affords opportunity for moral, intellectual and social culture. It is promotive of good habits, and tends to improve the manners of men. It is civilizing and refining in all its influences. Whatever detracts from the observance of the day, as it is customarily observed, is not to be countenanced. The keeping open by persons of their places of business in a community, on Sunday, for the exercise of the business of their ordinary callings, is a public and serious interference with the observance of the day in its accustomed mode of observance. It is obstructive of the purposes for which the day is set apart. It is offensive to the moral sense of the community. It disturbs the peace of society, in its open interference with the peace and quiet of a day devoted as a day of rest and for religious worship. It disturbs the good order of society, in publicly and flauntingly, and in defiance of public sentiment, desecrating a day, and inviting others to its desecration, set apart for purposes of the highest well being of human society,—hence the entire harmony of the ordinance with the statute. As a police regulation, in the interest of the good order and well being of the community, the ordinance, in our opinion, finds justification. See Cooley's Const. Lim. 596, and authorities there cited.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*