*(Circuit Court of Cook County. In Chancery.)*

## Slade, et al.

### vs.

## City of Chicago.

(July 29, 1903.)

1. ORDINANCE REQUIRING IDENTIFICATION NUMBERS ON AUTOMOBILES, VALIDITY OF. An ordinance of the city of Chicago requiring all automobiles operated in the city of Chicago to display for identification, numbers and letters as provided in the ordinance, *held*, upon an application for an injunction against its enforcement, to be a valid exercise of the general police power of the city, in connection with the express power to regulate the use of the streets.

2. AUTOMOBILES—POLICE POWER OF CITY OVER. The automobile is a class unto itself and no reason can be perceived why the police power shall not be exercised as to any specific class. And it is a proper exercise of the police power and of the power to regulate the streets, for the city council to place them under such restrictions as will enable the police to enforce against them the penalty for exceeding the speed allowed by the city ordinance, and also to enable the police to enforce other restrictions, such as in regard to lights, the observance of the laws of the road by such vehicles, etc.

3. POLICE POWER OF CITIES. The police power of the state is delegated to the cities under section 62 of the city and village act.

4. POLICE POWER—EXERCISE OF BY CITIES—WHEN A JUDICIAL QUESTION. It is for the city council to determine when an ex-

igency exists for the exercise of the police power, but what are the subjects of its exercise is clearly a judicial question. The exercise of legislative discretion is not subject to review by the courts when the measures adopted are calculated to secure the public comfort, safety or welfare, but the measure so adopted must have some relation to the ends specified.

5. POLICE POWER OF CITIES, EXTENT OF. The city council has no power under the guise of police regulation to arbitrarily invade the personal rights and personal liberty of the individual citizen. It cannot, in the exercise of the police power, prohibit an act which is harmless in itself, or pass an ordinance which unnecessarily or arbitrarily interferes with the right of the citizen to use the public streets.

Bill for an injunction. Gen. No. 241,462. Heard upon motion for a temporary injunction before Judge Murray F. Tuley.

The facts are stated in the opinion.

*W. H. Jennings,* for complainants.

*Granville W. Browning,* for defendant.

TULEY, J. :—

This bill is brought by complainants on behalf of themselves and others, operators of automobiles, against the city of Chicago, seeking an injunction against an ordinance of the city of Chicago, passed on the 8th day of June last, requiring all automobiles operated in the city of Chicago to display for identification, numbers and letters as provided in the ordinance, upon the ground that the ordinance is void as being beyond the power of the city under its charter.

The source of the power for the passage of the ordinance in question, if it exists, must be found in the 9th clause of the 63rd section of article V of the General Incorporation Act, under which the city is chartered, to-wit, ''to regulate the use of streets'' (and regulation, as here used, includes control. *Chicago Dock Co. v. Garrity,* 115 Ill. 155), or under subdivision 66 of section 62, article V of said act, which gives the power ''to regulate the police of the city or village, and pass and enforce all necessary police regulations.''

This latter clause was before the supreme court in the case of *MacPherson v. The Village of Chebanse,* 114 Ill. 46, where

it was insisted that it referred to the organization and regulation of the police force. The supreme court said in that case: "We think this a too narrow construction,—that the clause is not limited in its application to police officers, but may extend to and embrace a subject-matter of police regulation, under the general police power of the state."

The police power of the state is delegated to the municipality under said section 62, and the only question is whether the city has properly exercised that power, or the power regulating the streets, expressly given, by the passage of the ordinance on the 8th of June.

It is for the city council to determine when an exigency exists for the exercise of the police power, but what are the subjects of its exercise is clearly a judicial question.

The exercise of legislative discretion is not subject to review by the courts when the measures adopted are calculated to secure the public comfort, safety or welfare, but the measure so adopted must have some relation to the ends specified. *Ritchie v. People,* 155 Ill. 98.

The legislative body (in this case the city council) has no power under the guise of police regulation, to arbitrarily invade the personal rights and personal liberty of the individual citizen. It cannot, in the exercise of the police power, prohibit an act which is harmless in itself, or pass an ordinance which unnecessarily, or arbitrarily, interferes with the right of the citizen to use the public streets.

The city holds its streets in trust for the public for purposes of travel, and such use by the public is a matter of right. As our supreme court says in the case of *City of Chicago v. Collins,* 175 Ill. 445, commonly known as the "Bicycle Case:" "The right to travel being in the general public everywhere, all persons have a right to pass along and use the streets and alleys of a city in all their parts, the full width and length thereof. * * * The right of the public to use the streets is the right to use them for purposes of travel in the recognized methods in which the public highways of the state are used. Any method of travel may be adopted by individual members of the public which is an ordinary method of locomotion, or even an extraordinary method, if it is not of itself

calculated to prevent a reasonably safe use of the street by others.''

In that case a license fee was exacted as a tax for the purpose of repairing the streets. The court proceeds:

''A license, therefore, implying a privilege, cannot possibly exist with reference to something which is a right free and open to all, as is the right of the citizen to ride and drive over the streets of the city without charge and without toll, provided he does so in a reasonable manner.''

''The right of the legislative power to interdict unwholesome trades  *  *  *  and the application of steam power to propel cars,'' etc., in the midst of dense masses of people, is placed by Chancellor Kent, ''upon the general and rational principle that every person ought to so use his own as not to injure his neighbors, and that private interests must be made subservient to the general interests of the community.'' 2 Kent, Com. 34.

Bearing those principles in mind, the question is, whether the requiring of one using an automobile in the streets of the city, to place numbers upon the same, is a valid exercise of the general police power given by the charter, in connection with the express power given to regulate the use of the streets.

There would be no question as to the right of the city to regulate the running of steam locomotives within the city upon tracks in the streets or in the streets without tracks. The reason is, first, that locomotives are dangerous to pedestrians or to other vehicles using the streets. If left unregulated by limiting the speed, requiring the ringing of bells, stopping at crossings, etc., they would seriously interfere with the reasonable enjoyment of the use of the streets by other vehicles and by pedestrians.

It is the duty of the police to see that ordinances against fast driving of vehicles on the streets are complied with. It is shown by affidavit in this case that such ordinances cannot be enforced against automobiles, because their capacity for great speed enables the drivers of them to escape with their vehicles from the pursuits of the police when an attempt is made to arrest them in the act of violating such ordinances.

That this is a common occurrence is shown, and in order to

be able to identify the vehicle and the driver, it is shown that it is necessary that the automobile be numbered with large figures so that by this means the person who is violating the ordinance against rapid driving, may be traced and identified.

It is also shown that the speed of this new vehicle, the automobile, is from fifteen to seventy-five miles an hour, and that unless the ordinance against fast driving is strictly enforced against them, they will seriously interfere with the rights of other vehicles and pedestrians to a reasonable enjoyment of their use of the streets.

It is no answer to say that other vehicles for private use are not required to be numbered. The necessity that other vehicles should be numbered does not appear to exist.

The automobile is a class unto itself and no reason can be perceived why the police power shall not be exercised as to any specific class.

That this new vehicle, the automobile, is more dangerous to pedestrians and other vehicles using the streets than any heretofore known, must be admitted, and it is a proper exercise of the police power and of the power to regulate the streets, for the city council to place them under such restrictions as will enable the police to enforce against them the penalty for exceeding the speed allowed by the city ordinances, and also as to enable the police power to enforce other restrictions, such as in regard to lights, the observance of the laws of the road by such vehicles, etc.

The requirements as to numbering would tend to do so in the opinion of the city council, and it is not for the court to say that it will not, and that it is an unreasonable restriction, or unnecessary in the proper exercise of the police power.

I do not consider the validity of the ordinance passed last year requiring an examination and license to the person desiring to operate an automobile, to be in question in this case. The validity of that ordinance is now before the appellate court in a suit that was commenced by some of these complainants.

A license, when not required as a tax, as in the bicycle case, *City v. Collins*, 175 Ill. 445, may, in my opinion, be required

to be taken out as a police regulation, if it aids in the enforcement of the police power of the city to regulate the: speed of vehicles.

It is true this ordinance requires the numbers on the automobile to correspond with the number of the license issued to the owner or operator, but I cannot assume that the operator or owner of the automobile cannot obtain a license without complying with the ordinance of 1902.

Another reason why I deny the temporary injunction is,. that the evidence is insufficient to prove that these machines, with such tremendous speed power, are, as alleged, of simple construction, and can be operated by any intelligent person.

I can take notice, without proof being made, that they are capable of running at great speed; that they quite often are seen upon the public streets at a standstill, incapable of moving, out of order for some reason or other, and also that accidents are quite frequent, which are charged to the reckless control of, or the inability to control, these same vehicles.

I cannot, therefore, upon affidavits stating the general conclusion as to their ease of management and simplicity of construction declare this police regulation is unreasonable or unwarranted as a means of regulating the use of the streets by those automobile vehicles.

Motion for temporary injunction is denied.