THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* EDWARD H. ELERDING, Plaintiff in Error.

*Opinion filed June 21, 1912.*

1. CONSTITUTIONAL LAW—*the legislature may enact laws to prohibit things hurtful to health, welfare and safety.* The legislature may enact laws to prohibit all things hurtful to the health, welfare and safety of society, even though the prohibition may invade the right of liberty or property of the individual.

2. SAME—*judgment of legislature not conclusive of the validity of police regulations.* It is for the legislature to determine when conditions exist calling for the exercise of the police power, but the judgment of the legislature in enacting laws under the police power is not conclusive of their validity.

3. SAME—*law limiting hours of employment must have some reasonable basis.* To authorize a law limiting hours of employment there must be some reasonable connection between the limitation imposed and the public health, safety or welfare proposed to be secured by such limitation.

4. SAME—*the number of hours women may be employed is a proper subject for regulation.* The fact that long hours of employment tend, in general, to weaken and impair the health of women is sufficient to authorize the regulation of such employment by laws enacted under the police power of the State.

5. SAME—*law enacted under police power should be sustained, if possible.* When the legislature has determined that an exigency exists calling for the exercise of the police power and has enacted a law to meet the exigency the presumption is that such law is valid, and the courts should sustain it unless it appears, beyond a reasonable doubt, to be unconstitutional.

6. SAME—*the act of 1911, regulating hours women may be employed, must be considered in its general application.* The act of 1911, regulating the hours that women may be employed in certain places, including hotels, must be considered in its general application to all hotels, and the fact that in a particular instance the employment of a woman in a hotel more than ten hours may not impair her health does not justify holding the law invalid.

7. SAME—*there is a distinction between hotels and boarding houses.* The fact that the act of 1911, prohibiting the employment of women in hotels more than ten hours a day, does not apply to boarding houses does not render the law invalid for discrimination, as there is a distinction between boarding houses and hotels, the

latter being *quasi* public places, where guests are constantly coming and going and where the demand upon employees attending to their wants is greater than in boarding houses.

8. SAME—*the act of 1911 is valid as applied to employment of women in hotels.* The nature of the hotel business is such as to afford a valid basis for classifying work in hotels as an occupation authorizing its inclusion in the act of 1911 limiting the hours women may work in certain occupations, and the act, as applied to women employed in hotels, is not invalid.

9. SAME—*the wisdom of a law is not a question for the courts.* The wisdom of laws passed in the exercise of the police power, for the purpose of regulating the number of hours a day which women may be allowed to work, is not a question for the courts to determine, and unless the legislature has exceeded its power such laws must be sustained.

VICKERS, J., dissenting.

WRIT OF ERROR to the County Court of Coles county; the Hon. J. P. HARRAH, Judge, presiding.

J. H. MARSHALL, for plaintiff in error.

W. H. STEAD, Attorney General, R. G. HAMMOND, State's Attorney, and FRED H. HAND, (EDGAR A. BANCROFT, and SAM'L A. HARPER, of counsel,) for the People.

Mr. JUSTICE FARMER delivered the opinion of the court:

Plaintiff in error is the manager of a hotel in Charleston, Coles county, Illinois, in which he employs female help. The State's attorney of Coles county, at the October term, 1911, of the county court of said county, filed an information against plaintiff in error charging him with the violation of the statute prohibiting the employment of females in hotels more than ten hours during any one day. The information contained three counts. The first count charged plaintiff in error with unlawfully employing Dolly Gertz, a female, for a period of ten and one-half hours. The second count charged the unlawful employment of Gertrude Doering, a female, for a period of twelve hours,

and the third count charged the unlawful employment of
Mary Jones, a female, for a period of twelve hours. The
plaintiff in error moved to quash the information, which
motion was overruled. He thereupon entered a plea of
not guilty. There was no dispute as to the facts and the
case was submitted to the court without a jury, on a writ-
ten stipulation. Dolly Gertz was employed by plaintiff in
error in his hotel as a kitchen maid from 5:30 o'clock A. M.
to 2:30 o'clock P. M. and from 5:30 o'clock P. M. to
7:00 P. M. Her duties during said hours were to wash
dishes and kitchen utensils, to assist in paring potatoes,
cleaning and preparing vegetables for cooking and fruits
for the table. She was required to be in readiness for
work during all the hours of her employment, but the time
required to do the work assigned her did not exceed seven
hours in the aggregate. Gertrude Doering was employed
in the said hotel as housekeeper from 7:00 A. M. to 7:00
o'clock P. M. She was charged with the responsibility of
keeping the rooms in readiness to receive guests, cleaning
rooms, making beds, changing linen and caring for bed-
clothing. All her duties were supervisory and no manual
labor was required of her. Mary Jones was employed in
the hotel from 7:00 A. M. to 7:00 P. M. Her duties were
to assign guests to rooms, receive payment of bills, keep
the accounts of the hotel, and to occasionally take dictation
of letters in shorthand from plaintiff in error and transcribe
the same on a typewriter. Her duties during the hours of
her employment did not actually require more than two-
thirds of her time. Plaintiff in error contended that the
law limiting the hours females may work in hotels is un-
constitutional and requested the court to so hold. The
court denied the request, held the law valid and imposed a
fine against plaintiff in error of $25 under each count of
the information. The case is brought here by writ of er-
ror, the only question presented for consideration being the
validity of the statute.

In 1909 the legislature adopted an act entitled "An act to regulate and limit the hours of employment of females in any mechanical establishment or factory or laundry in order to safeguard the health of such employees; to provide for its enforcement and a penalty for its violation." That act limited the hours females might be employed in any mechanical establishment, factory or laundry to ten hours during any one day but applied to no other line of employment or business. In 1911 the act was amended by the legislature so as to include a large number of other lines of employment. (Hurd's Stat. 1911, p. 1135.) As amended and in force since July 1, 1911, section 1 of the statute reads as follows:

"Sec. 1. That no female shall be employed in any mechanical or mercantile establishment, or factory, or laundry, or hotel, or restaurant, or telegraph or telephone establishment or office thereof, or in any place of amusement, or by any person, firm or corporation engaged in any express or transportation or public utility business, or by any common carrier, or in any public institution, incorporated or unincorporated in this State, more than ten hours during any one day. The hours of work may be so arranged as to permit the employment of females at any time so that they shall not work more than ten hours during the twenty-four hours of any day."

That under the police power of the State the General Assembly may enact legislation to prohibit all things hurtful to the health, welfare and safety of society, even though the prohibition invade the right of liberty or property of the individual, is too well settled to require discussion or the citation of authority. The question here to be determined is whether the law limiting the hours females may be employed in hotels is a valid exercise of that power. It is for the legislature to determine when conditions exist calling for the exercise of the police power, but the judgment of the legislature in enacting laws under the police

power is not conclusive of their validity. There are the same limitations against legislation not authorized under the police power as exist against legislation of any other kind not authorized by the constitution. What are subjects of the lawful exercise of the police power is as much a question for judicial determination as is the question whether other constitutional limitations have been violated in the passage of laws relating to other subjects. Sex, alone, would not in all cases serve as a proper basis for the exercise of the police power, for in the invasion of the right of liberty and property there must be some reasonable connection between the limitation upon the hours females may work and the public health, safety and welfare proposed to be secured by the limitation. *Ritchie* v. *People,* 155 Ill. 98; *Booth* v. *People,* 186 id. 43; *In matter of Jacobs,* 98 N. Y. 98; 50 Am. Rep. 636.

In *Ritchie & Co.* v. *Wayman,* 244 Ill. 509, this court sustained the act as originally adopted, limiting the time females might be employed in any mechanical establishment, factory or laundry to not exceeding ten hours in any one day, as a valid exercise of the police power for the protection of the health of women and insuring the production of vigorous and healthy offspring by them. There can be no doubt working long hours day after day under the pressure usually attending the labor of an employee who is subject to the control, direction and dismissal of the employer, has a tendency to weaken and impair the health of women that would not attend shorter hours of employment. To exactly what extent this may be so of females employed in hotels cannot, perhaps, be definitely known, nor is it necessary that it should be in order to sustain legislation reasonably limiting the hours of work therein. That such is, in general, the effect of long hours of work in any employment is sufficient to authorize their regulation. In *Ritchie & Co.* v. *Wayman, supra,* we held the court would take judicial knowledge that on account

of woman's physical structure and maternal functions her health, and that of her offspring, was subject to be injuriously affected by requiring her to perform long hours of labor. This is especially so where, in performing the labor, she is not mistress of her own movements, but, under the control of a master, is required to make such exertion as is necessary to meet the needs and demands of the service in which she is engaged. The health and welfare of posterity are as much objects of public solicitude as those of the present generation. If the enforcement of this law tends to preserve the health, strength and vigor of women engaged in working in hotels, thereby conserving the vitality necessary to the proper discharge of their maternal functions, the rearing and education of children and the maintenance of the home, its relation to the public health, safety and welfare is evident.

While, in its last analysis, it is a judicial question whether an act is a proper exercise of the police power, it is the province of the legislature to determine when an exigency exists calling for the exercise of this power. When the legislative authority has decided an exigency exists calling for the exercise of the power and has adopted an act to meet the exigency, the presumption is that it is a valid enactment, and courts will sustain it unless it appears, beyond any reasonable doubt, that it is in violation of some constitutional limitation. (*People* v. *McBride,* 234 Ill. 146.) In determining the validity of legislation for the purpose for which the act under consideration was adopted, courts may take into consideration that members of the legislature come from every part of the State and from the various callings and vocations of life, and may be presumed to have observed and become acquainted with existing conditions, the course of business, the manner in which it is conducted and how the public interest is affected thereby. (*Munn* v. *People,* 69 Ill. 80; *Wenham* v. *State,* 65 Neb. 394; 58 L. R. A. 825.) These considerations, in

a case of doubtful validity of a statute, are sufficient to turn the scales in favor of the validity of the act. It is worthy of note that twenty-seven States have enacted laws limiting the hours of employment of females in certain lines, and five States besides Illinois have enacted laws limiting the hours they may be employed in hotels. Laws limiting the hours females may be employed in mechanical industries, factories and laundries have been sustained by other State courts of last resort and by the Supreme Court of the United States. (*Muller* v. *Oregon,* 208 U. S. 412.) Unless the court could clearly see that there is no reasonable connection between the limitation upon the hours females may work in hotels and the public health, welfare and safety of society, we would not be authorized to hold the statute invalid, as being an unwarranted exercise of the police power. There is nothing in the record in this case and nothing within the legitimate domain of judicial knowledge that would justify us in holding there is no reasonable connection between the limitation and the health, welfare and safety of the public.

It is insisted the classification of hotels as a place where employment of females is limited to ten hours is arbitrary, and that the statute discriminates between labor in hotels and other like places, such as boarding houses. The classification is not necessarily based on place or the kind of labor performed, but rather on the character of the business requiring the work, together with the environment and surrounding circumstances under which the work is done. The physical exertion required for the performance of a given amount of work, if measured by muscular effort, may be as great in one place as another. If there be a difference upon which this classification is justified, it must exist because of the surroundings which tend to govern the manner or method of doing the work, such as the movements of associate workmen or of machinery, the necessity of continuous speed to meet the demands of others, and the sani-

tary conditions and moral atmosphere of the place of occupation. So far as the sanitary conditions and moral atmosphere of the place where the work is done are concerned, the police power of the State may be invoked to remedy any evils which may exist, but that may be accomplished by appropriate legislation directed to that end without limiting the hours of exposure to such conditions. The mere fact that some hotels, or all hotels, if such were the fact, are improperly ventilated and foul air is breathed by the employees, or, owing to contact with the traveling public, disease may be contracted more readily than in other places, is not a sufficient justification for limiting the hours in which women may be employed in those places. The legislature has ample power, by direct legislation, to remedy such conditions if they exist. By this enactment it is not sought to change the conditions under which the labor is performed or the character of the labor, but merely to limit the hours of its duration. There is a marked distinction between hotels and boarding houses. A hotel is a *quasi* public place, and it is within the province of the police power to regulate occupations or business enterprises of a *quasi* public nature; such as, if unrestricted in their exercise, may be injurious to the health, safety or general welfare, even though the business is perfectly lawful. This power is so important and comprehensive that its application must be allowed to expand from time to time, to meet new conditions and promote the public welfare. The proprietor of a hotel is engaged in a public business. The demands made upon the employees come from the public and are not altogether dependent upon or controlled by the employer. The unceasing change of guests requires constant attention and continuous effort to supply their wants and satisfy their needs. The speed with which the employees act, and to a large extent the manner of performing their work, are controlled by the public. The pressure of work comes from sources independent of the employer.

No method of regulating the demands of the public under such conditions is practicable, but the time such demands may be made upon the employees may be limited. We are of opinion the nature of the business is such as to afford a valid basis for classifying work in hotels as an occupation authorizing its inclusion in the law limiting the hours of labor for females. The pressure and tension under which the labor is performed afford as reasonable a basis for classification as the work done in lines of employment where machinery is used.

It is contended the facts in the record before us show that the plaintiff in error's female employees are not overworked; that the character and amount of labor performed by them could not injure their health, and that the facts in this record show there is no reasonable connection between the limitation of the hours of work and the health of the female employees named in the information. There are probably instances where employment for a longer period than ten hours per day in a hotel does not result in any ill-effects, but we cannot determine the question here involved from a consideration of a particular instance. The law must be considered in its general application to all cases and conditions existing throughout the State. It must be considered from its application to all employers and employees and not to any individual employer or employee. If a law of this character must be considered with reference to the particular circumstances and conditions existing in each hotel, it might lead to the absurdity of its being valid in one case and invalid in another. The law is general in its application, embracing all hotels, and is valid as to all or none. That there may be hotels where the labor required of females is so light that more than ten hours' employment would not so tax their powers of physical endurance as to injuriously affect their health affords no justification for holding the law invalid. The wisdom and policy of such legislation are not questions for courts

to determine. Those are questions for consideration by the legislature, and unless that body has transcended its constitutional power its enactments must be sustained.

We are of the opinion that limiting the hours of employment of females in hotels to not exceeding ten hours a day was not an unauthorized exercise of the police power of the State. That plaintiff in error violated the law is admitted. The judgment is therefore affirmed.

*Judgment affirmed.*

Mr. JUSTICE VICKERS, dissenting.