(No. 33714.—)

HUMPHREY CHEVROLET, INC., *et al.*, Appellants, *vs.* THE CITY OF EVANSTON *et al.*, Appellees.

*Opinion filed November 23, 1955—Rehearing denied Jan. 16, 1956.*

SAMUEL MORGAN and L. SHELDON BROWN, both of Chicago, for appellants.

REX BULLINGER, Corporation Counsel, of Evanston, and MITCHELL and CONWAY, of Chicago, (THOMAS J. RUSSELL, and JOHN M. LEAHY, of counsel,) for appellees.

ELMER GERTZ, and JOSEPH MINSKY, (MAX A. KOPSTEIN, and PAUL H. VISHNY, of counsel,) all of Chicago, for American Jewish Congress, *amicus curiae* on rehearing.

Mr. CHIEF JUSTICE HERSHEY delivered the opinion of the court:

The plaintiffs-appellants, who are automobile dealers in the city of Evanston, sought by this suit in the superior court of Cook County to enjoin the city and certain mu-

nicipal officials from enforcing against them a Sunday closing ordinance and asked the court to declare said ordinance unconstitutional as applied to them. The court, however, holding the ordinance valid, sustained a motion to dismiss the complaint.

The plaintiffs appeal to this court, the trial court having certified that the validity of a municipal ordinance is involved and that the public interest requires a direct appeal.

The Evanston city council enacted the ordinance, a comprehensive measure applicable to all phases of Sunday business activity, on March 21, 1955. As stated in a portion of the preamble, it purports to be a police power ordinance designed to protect, promote and preserve the comfort, quiet, convenience and welfare of the city's inhabitants.

The body of the ordinance is classified under the following headings: A. Wholesale and Retail Mercantile and Merchandising Establishments. B. Manufacturing and Construction Work. C. Repair and Maintenance Work. D. Personal Services and Ordinary Labor.

The business activity of the plaintiffs (who allege that they operate establishments for the selling of new and used automobiles) falls within the purview of said section A, which reads as follows: "It shall be unlawful for any person, firm, corporation, or association to engage in the business of selling, dispensing, renting, or distributing, at wholesale or retail, goods, wares, or merchandise of any kind or description, from an established place of business, on the first day of the week, commonly called Sunday, within the City of Evanston; provided, however, that this section shall not be applicable to works of charity or to the sale of drugs or medicine, the sale or dispensing of articles of food or drink for human consumption on the premises of the seller; the sale of milk, ice cream, ice, gasoline, lubricating oil, or to the sale of articles and products necessary to meet the emergency needs on Sunday of the residents of the City of Evanston."

The final paragraph of the ordinance provides for a fine of not less than $25 nor more than $200 for a first offense, and a fine of not less than $50 nor more than $200 for a subsequent offense.

The plaintiffs, in asserting the unconstitutionality of the ordinance, contend that *City of Mt. Vernon* v. *Julian,* 369 Ill. 447, is controlling. The defendants, however, insist that the ordinance is a reasonable exercise of the city's police power and differs substantially from the ordinance considered in the *City of Mt. Vernon case.*

The issue properly resolves itself into two questions: (1) Does the city of Evanston have authority generally to enact a so-called Sunday closing ordinance? (2) As applied to the plaintiffs, is the ordinance in question a reasonable exercise of said authority?

First, there is no doubt but that an Illinois city may by ordinance, as a valid exercise of its general police power, prohibit certain business activity on Sunday. (*McPherson* v. *Village of Chebanse,* 114 Ill. 46; *City of Springfield* v. *Richter,* 257 Ill. 578; *City of Clinton* v. *Wilson,* 257 Ill. 580; *City of Mt. Vernon* v. *Julian,* 369 Ill. 447, 449. See also McQuillin, Municipal Corporations, sec. 24.188; 50 Am. Jur. Sundays and Holidays, sec. 9; 83 C.J.S., Sunday, sec. 3-d.) For Sunday has been observed traditionally as a day on which the normal, nonessential, nonemergency activity of the business world ceases. This has been achieved primarily by voluntary compliance with custom, but it is everywhere recognized that legislative bodies may properly act to preserve this deep-rooted, nation-wide custom, providing only that the measures adopted are reasonable. This, then, brings us to the second question—the reasonableness of this ordinance as applied to the plaintiffs' operations.

In general, there are three principal types of Sunday closing legislation: (1) That which prohibits only particular types of business establishments but permits all others to open. (See *Eden* v. *People,* 161 Ill. 296, where this court

invalidated a law which required barber shops only to close on Sunday.) (2) That which contains a general closing provision but exempts certain *businesses* from the operation of the law, while permitting businesses selling the same products to remain open. (See *City of Mt. Vernon v. Julian,* 369 Ill. 447.) (3) That which prohibits all business activities but exempts the sale of certain *commodities* from the operation of the law, such as the instant ordinance which is commonly referred to as a "commodity type" ordinance.

While this court has never been called upon to determine the validity of this "commodity type" legislation, such enactments have been consistently upheld in other jurisdictions. (See: *State* v. *Diamond,* 56 N.D. 854; *City of Seattle* v. *Gervasi,* 144 Wash. 429; *Ness* v. *City of Baltimore,* 162 Md. 529; *State* v. *Justus,* 91 Minn. 447; *People* v. *Zimmerman,* 95 N.Y. Supp. 136; *Theisen* v. *McDavid,* 34 Fla. 440; *People* v. *Kratkiewicz,* 238 Mich 644; *State* v. *Grabinski,* 33 Wash. 2d 603. Cf. *Broadbent* v. *Gibson,* 105 Utah 53.) Actually, in some instances laws directed solely against automobile dealers have been sustained. *Rosenbaum* v. *City of Denver,* 102 Colo. 530; *Irishman's Lot* v. *Cleary,* 338 Mich. 662.

Many States have comprehensive Sunday closing laws with classifications and exceptions similar to those contained in the foregoing section of the Evanston ordinance. New York Penal Law, art. 192, sec. 2147; Massachusetts Ann. Laws, sec. 6 of chap. 136; Purdom's Pennsylvania Stat. Ann., title 18, sec. 4699.4; Minnesota Stat. Ann. § 614.29; Vernon's Ann. Missouri Stat. § 563.720; Burns Indiana Stat. Ann. 1942 Repl., § 10-4301; Iowa Code Ann. § 729.1; Page Ohio R.C. Ann. § 3773.24.

As early as *McPherson* v. *Village of Chebanse,* 114 Ill. 46, decided in 1885, this court recognized that under the general grant of police power a city is authorized to pass a comprehensive Sunday closing ordinance, the power being

referable to the general welfare branch of the police power. (See also *City of Mt. Vernon* v. *Julian,* 369 Ill. 447, 449.) However, we have held that such Sunday ordinance must not unreasonably discriminate. Thus, we held invalid the ordinance in the *City of Mt. Vernon case* (upon which the plaintiffs mainly rely), where a community grocery store which sold groceries, tobacco and other articles was required to close, but a tobacco store and a confectionary store selling the same products were permitted to open. But under the Evanston ordinance, no one can sell new or used automobiles on Sunday no matter what type of establishment he operates. Sunday ordinances must be based on a reasonable classification, and an ordinance prohibiting the sale of a commodity is not discriminatory against particular dealers who are accorded the same treatment as all other dealers in the commodity. McQuillin, Municipal Corporations, sec. 24.192.

Next, while the plaintiffs maintain the exceptions in the ordinance are discriminatory, they nowhere suggest that any of the exceptions do not relate to the health, safety, morals or general welfare of the people of Evanston. Municipalities may classify trades, callings, occupations and businesses for legislative purposes, the only requirement being that the classification rest on a reasonable basis and the legislation apply uniformly to all members of the same class. *City of Chicago* v. *Willet Co.* 1 Ill. 2d 311.

The exceptions allowed in this ordinance (sale of drugs and medicines, articles of food or drink for human consumption on the premises of the seller, milk, ice cream, ice, gasoline, lubricating oil, and other articles and products necessary to meet the emergency needs on Sunday of the residents of the city) do not appear unreasonable, and each for present purposes can certainly be distinguished from the sale of new and used automobiles. Indeed, in cases decided in other jurisdictions some of these items have been held to be so necessary for the health, safety, morals

and welfare of the public on Sunday that they were required to be exempt (at least by implication) from a general closing law. See, for example, *City of Topeka* v. *Hempstead,* 58 Kan. 328 (drugs, medicine, and milk); *Williams* v. *State,* 167 Ga. 160 (gasoline and motor oil); *McAfee* v. *Comm.* 173 Ky. 83 (food for consumption on premises of seller).

The plaintiffs in argument also question whether the ordinance does not violate section 3 of article II of the Illinois constitution as being discriminatory on the basis of religious beliefs. The plaintiffs, most of whom are corporations, have not alleged that they are members of any religious groups that would be affected by this, and therefore they have no standing to raise the objection. Cf. *People* v. *Reiner,* 6 Ill. 2d 337; *Du Bois* v. *Gibbons,* 2 Ill. 2d 392, 408; *City of Chicago* v. *Rhine,* 363 Ill. 619, 626.

Summarizing, the city of Evanston has demonstrated that it has the authority to enact the ordinance involved here, that the ordinance as applied to the plaintiffs is a reasonable exercise of its police power, and that it does not violate any constitutional guarantees of the plaintiffs. The plaintiffs, on the other hand, have failed to cite any precedent or advance any persuasive reasons to show that the ordinance as to them is discriminatory or otherwise unreasonable.

Therefore, the decree of the superior court of Cook County, dismissing the plaintiffs' complaint for want of equity, is affirmed.

*Decree affirmed.*