(Nos. 35100, 35293.—

PACESETTER HOMES, INC., Appellant, *vs.* THE VILLAGE OF SOUTH HOLLAND *et al.,* Appellees.—ALOYSIUS CISEK d/b/a Starlite Motel, *et al.,* Appellees, *vs.* THE VILLAGE OF SOUTH HOLLAND *et al.,* Appellants.

*Opinion filed November 19, 1959—Rehearing denied Jan. 21, 1960.*

Davis, J., dissenting.

Lyle, Havey & Gager, of Chicago, (Edward T. Havey, of counsel,) for appellant in No. 35100 and for appellees in No. 35293.

William Jacobs, of South Holland, (William O. Krohn, of counsel,) for appellees in No. 35100, and for appellants in No. 35293.

Turner, Hunt and DeBolt, of Chicago, (Frederick W. Turner, Jr., and Murray B. Woolley, of counsel,) for *amicus curiae,* Home Builders Association of Chicago-land.

Mr. Justice Klingbiel delivered the opinion of the court:

Aloysius Cisek and two other businessmen in the village of South Holland who operate a motel, a restaurant and a gasoline service station, respectively, together with two residents desiring to avail themselves of the formers' accommodations or products, brought a declaratory judgment action in the circuit court of Cook County challenging the validity of South Holland's Sunday closing ordinance. The court held the ordinance unconstitutional "in so far as it prohibits the businesses of the plaintiffs." The village appeals directly to this court, upon certificate of the trial court that the validity of a municipal ordinance is involved and that the public interest requires such direct appeal.

A second action was brought against the village, in the same court, by Pacesetter Homes, a corporation engaged in constructing and selling houses. The complaint in this case alleges that the ordinance prevents the plaintiff from merely exhibiting its houses or having them open for inspection on Sundays. The same relief was prayed, namely that the ordinance be declared unconstitutional. The circuit court in this case, however, upheld the validity of the ordinance, and the appeal to this court has been taken by the plaintiff. The two cases have been consolidated for review.

The ordinance in question is comprehensive in its terms. It refers as such neither to restaurants, motels, service stations, or the construction and sale of houses, but is directed at business activity generally. Although subdivided under general headings—i.e., Wholesale and Retail Mercantile and Merchandising Establishments, Manufacturing and Construction Work, Repair and Maintenance Work, and Personal Services and Ordinary Labor—no difference in treatment is made between the various types, the section concluding with a prohibition of "All other business activities or ordinary secular pursuits for gain or profit." The only exceptions are medical, dental and funeral facilities, public

transportation and utilities, and activities necessary for "emergency needs" of the village residents.

To reverse the judgment in the Cisek case the village argues that it cannot be said as a matter of law, without evidence, that the ordinance is unconstitutional as applied to the sale of gasoline, food and lodging. To sustain the judgment in the Pacesetter Homes case the village contends that since the evidence was conflicting as to whether disturbance was caused by its exhibition of model homes, the plaintiff failed to prove unreasonableness of the ordinance as applied to such activity. These contentions, we think, misconceive the nature of the present proceedings. The validity of a penal ordinance such as the one in question here cannot be made to depend upon facts found in the particular case. Since testimony and other evidence vary from case to case, such a rule would result in the absurdity of declaring the law constitutional one day and unconstitutional the next. (See 11 Am. Jur. 822, Constitutional Law, sec. 143.) In *People* v. *Elerding*, 254 Ill. 579, we upheld a law limiting the hours of womens' employment in certain places, including hotels. In answer to the contention that the evidence showed there was no reasonable connection between the restriction and the health of the employees, this court said at page 587 "we cannot determine the question here involved from a consideration of a particular instance. The law must be considered in its general application to all cases and conditions existing throughout the State. It must be considered from its application to all employers and employees and not to any individual employer or employee. If a law of this character must be considered with reference to the particular circumstances and conditions existing in each hotel, it might lead to the absurdity of its being valid in one case and invalid in another. The law is general in its application, embracing all hotels, and is valid as to all or none." The constitutional validity of a law is to be tested, not by what has been

done under it but by what may by its authority be done (*People* v. *Marquis,* 291 Ill. 121, 128-129); and it does not sustain validity that on the facts of the particular case there would be a reasonable relation to the objects of police power had the law been written so as to embrace only such cases.

Nor can legislation general in its terms be valid as applied to one kind of activity within its terms and invalid as applied to another kind equally within its terms. (See *Butts* v. *Merchants & Miners Transportation Co.* 230 U.S. 126, 57 L. ed. 1422.) It is either valid as to all that it embraces, or it is invalid as to all that it embraces. The Supreme Court of the United States pointed this out in *United States* v. *Ju Toy,* 198 U.S. 253, 262, 49 L. ed. 1040, 1044, where it observed that "the relevant portion being a single section, accomplishing all its results by the same general words, must be valid as to all that it embraces, or altogether void. An exception of a class constitutionally exempted cannot be read into those general words merely for the purpose of saving what remains. That has been decided over and over again. [Citations.] " Any other rule would result in an endless testing of the present ordinance or similar ones, not only as to each business, such as motel, restaurant, gas station and so on, but as to each phase or aspect of every business, *e.g.,* the showing of model homes by one engaged in constructing and selling them, the display of signs or other advertising, the making of deliveries by grocers, *etc.*

The function of a court, in a case such as this, is to ascertain from the words of the law itself whether constitutional restraints have been exceeded. The question is one of law, not of fact. To say that an ordinance or statute of broad or unlimited sweep is valid as applied to one activity and invalid as applied to another is not to judge the law as written by the legislature but to make a different law. As the United States Supreme Court remarked in

*United States* v. *Reese,* 92 U.S. 214, 23 L. ed. 563, 566, "It. would certainly be dangerous if the Legislature could set a net large enough to catch all possible offenders and leave it to the courts to step inside and say who could be rightfully detained and who should be set at large. This would, to some extent, substitute the Judicial for the Legislative Department of the Government."

The present question must not be confused with that arising under zoning laws, the peculiar nature of which has warranted determinations of their validity as applied to a particular piece of property. The difference has been recognized by the Appellate Court in *American Smelting and Refining Co.* v. *City of Chicago,* 347 Ill. App. 32, 38, and in *Warshawsky* v. *American Automotive Products Co.* 12 Ill. App. 2d 178, 185, where the following language appears: "The zoning law has an aspect differentiating it from other laws or ordinances passed in the exercise of police power. Such laws as a rule contain within themselves adequate specifications to make them applicable to all. They are either constitutional or not as to all. A zoning ordinance, on the other hand, may be unconstitutional as to a particular piece of property when it appears that its application to that property does not bear a reasonable relationship to the police power. This is, indeed, a condition of its validity."

The question before us, then, is not whether an ordinance is valid which purports to prohibit the sale of food, lodging and gasoline, or whether one would be valid which undertook to prohibit the showing of model homes. We are faced here with an ordinance which, except for "emergency" needs, prohibits all business activity *per se,* and the issue is whether such an all-embracing prohibition has relation to the objects of the police power. If the ordinance is so broad as to include businesses having no effect on such objects, it cannot save the law that other businesses could validly be prohibited.

It is a basic principle of our system of government that church and State remain separate; that spiritual welfare be left entirely to the former; and that protection be afforded to all in their belief or in their unbelief. (*Richmond* v. *Moore*, 107 Ill. 429, 435.) Accordingly a Sunday law which has as its object the promotion of religion or worship is beyond the scope of governmental power, but one which seeks merely to protect those desiring to worship from disturbance and distraction by others is valid. The distinction was pointed out in *Richmond* v. *Moore*, 107 Ill. 429, where we compared the Sunday law of England with that of this State. The former, like the ordinance in question here, made it unlawful to engage in any business or work on Sunday, except that of necessity or charity. The Illinois law (Rev. Stat. 1874, chap. 38, par. 261,) provided merely that "Whoever disturbs the peace and good order of society by labor (works of necessity and charity excepted), or by any amusement or diversion on Sunday, shall be fined * * *." It was noted that unlike our government, the British government has the power to pass laws to promote and enforce religious tenets; and that in the adoption of our statute important changes were made, therefore, so as to relate the law instead to the general temporal welfare. We observed that "The object of the statute is to protect persons keeping the Christian Sabbath as a day of holiness, from disturbance in its observance, and not to compel the performance of religious duties, as such. That is no part of governmental duty under our institutions." (p. 434.) Since the only legitimate purpose of Sunday laws is to enable others to worship free from disturbance, it follows that activities otherwise lawful can be prohibited only if they reasonably tend to disturb others.

It has long been established that there is nothing in the nature of mere business activity, as such, which disturbs others in their Sunday worship. In *City of Mt. Vernon* v. *Julian*, 369 Ill. 447, an ordinance which prohibited the

keeping open of places of business on Sunday, with certain exceptions, was held to lack any connection with health, safety, morals, or general welfare. In *Eden* v. *People,* 161 Ill. 296, 308, an ordinance prohibiting the business of barbering on Sunday was held invalid, this court observing that "It is a matter of common observation that the barber business, as carried on in this State, is both quiet and orderly. Indeed, it is shown by the evidence incorporated in the record that the barber business, as conducted, is quiet and orderly,—much more so than any other departments of business. In view of the nature of the business and the manner in which it is carried on it is difficult to perceive how the rights of any person can be affected or how the comfort or welfare of society, can be disturbed." The same must be said of the sale of food, lodging, or gasoline, or the exhibition of model homes. The defendant in these cases has not suggested any manner in which the ordinary conduct of these businesses disturbs others in their devotions, or injuriously affects the peace and good order of the community, nor can we say that they create excessive noise or other distraction.

The legislature cannot prohibit that which is harmless in itself, or require that to be done which does not tend to promote the health, comfort, safety, or welfare of society. Where the object of an enactment is to secure the public comfort or welfare it must appear to be adapted to that end. An occupation which has no tendency to affect or endanger the public in connection with health, safety, morals, or general welfare and which is entirely innocent in character, is not within the police power. *City of Mt. Vernon* v. *Julian,* 369 Ill. 447.

The decision of this court in *Humphrey Chevrolet, Inc.* v. *City of Evanston,* 7 Ill.2d 402, upon which the village relies, is distinguishable from the present cases. The ordinance upheld in the *Humphrey Chevrolet case* was less comprehensive than the South Holland ordinance, and un-

like the present one, it did not prohibit the dispensing of food and drink or the sale of gasoline and lubricating oil. Indeed, we intimated that had such businesses been included within the prohibitions a different result would have been required. (7 Ill.2d at 407-408.) As we pointed out in our opinion, "Sunday ordinances must be based on a reasonable classification." Where a prohibitory ordinance embraces activities or businesses having no effect upon the relevant object of the police power, it cannot be sustained.

In the exercise of its police powers a municipality may classify occupations and businesses, but the classification must rest upon a reasonable basis. Those businesses prohibited or regulated must have some relation to the object of the power. The object in this case is the maintenance of quiet and order, and the evil to be remedied is disturbance of others in their religious worship. Thus the conduct of any business which can reasonably be said to entail such disturbance is within the power. In the case at bar, however, there has been no attempt to classify businesses with reference to this object. We conclude, therefore, that since harmless as well as harmful businesses are prohibited the ordinance is arbitrary and cannot be sustained. We conclude further that since it applies in terms to business activities as such, it is void not merely as to a particular type of business but as to all business activity.

The judgments of the circuit court are reversed, and the causes are remanded with directions to enter judgments in accordance with the views herein expressed.

*Reversed and remanded, with directions.*

Mr. Justice Davis, dissenting:

I must dissent from the broad sweep of the opinion of the court which, if taken literally, would strike down all Sunday-closing ordinances. I believe the court has reached an erroneous conclusion by misconceiving the constitutional basis for such enactments.

This opinion would uphold a Sunday closing ordinance only if the prohibited activity actually tended to disturb others in their observance of a religious holiday. Such an attitude runs counter to the almost universal view that a city may, under the police power, act to preserve the deep-rooted, nation-wide custom, of Sunday observance.

It is clearly a proper legislative function to set aside a day of rest each week, and it is natural and proper that lawmakers should set aside Sunday, as the day of rest traditionally observed by the great majority of the public. (*Humphrey Chevrolet, Inc.* v. *City of Evanston,* 7 Ill.2d 402; *McPherson* v. *Village of Chebanse,* 114 Ill. 46; *Richmond* v. *Moore,* 107 Ill. 429; 50 Am. Jur., sec. 9, page 808; 83 C.J.S., sec. 3, page 800; McQuillin, Municipal Corporations, sec. 24.188.) I find no expression in the law, prior to this opinion, which would base such power on the disturbance of the public.

To be sure, we have struck down Sunday closing ordinances which singled out specific nondisturbing activities. (*City of Mt. Vernon* v. *Julian,* 369 Ill. 447; *Eden* v. *People,* 161 Ill. 296.) But these decisions do not buttress the reasoning of this opinion. The ordinances involved in *City of Mount Vernon* and in *Eden* had the vice of arbitrarily closing certain nondisturbing businesses and permitting others to remain open. We were mindful of these cases in *Humphrey Chevrolet, Inc.* v. *City of Evanston,* 7 Ill.2d 402, where we upheld a "commodity type" of comprehensive Sunday-closing ordinance similar to the ordinance now before us. Generally speaking, *Humphrey* teaches us that a city is authorized, under the general grant of police power, to adopt a comprehensive Sunday-closing ordinance, but such ordinance must not be unreasonably discriminatory in its application. It may exempt certain activities and the sale of certain commodities from its scope, but such exemptions must rest on a reasonable classification.

The actual disturbance caused by the proscribed activi-

ties was not considered in *Humphrey.* Believing as I do, that we adopted the correct rationale in deciding *Humphrey,* I conclude that we are wrong today.