Village of River Forest, Illinois, Plaintiff-Appellant,
 v. Francis J. Vignola and Vignola Furniture Com-
 pany, an Illinois Corporation, Defendants-Appel-
 lees.

### Gen. No. 48,128.

First District, First Division.

March 27, 1961.

Rehearing denied April 20, 1961.

Charles L. Michod, of Chicago, for appellant.

Thomas A. Mass, Jr., of Chicago, for appellees.

PRESIDING JUSTICE KILEY delivered the opinion of the court.

This is an appeal by the Village from a judgment of the criminal court reversing a conviction for violation of the Sunday Closing ordinance of the Village.

The Vignola Furniture Company owns and operates a furniture store in the Village of River Forest and the individual defendant is the Company president. They advertised in a newspaper that the store would be open to the general public on Sunday, July 5, 1959, between the hours of 2:00 and 4:30 P. M. Three of the Company employees were on hand that day, and seventy persons of the general public visited the store. No sales were made, however.

The defendant, Francis Vignola, was arrested for violation of the Village Sunday Closing ordinance. He was found guilty by the Village Magistrate and fined $100.00. The criminal court, on appeal, reversed the magistrate's decision and found defendants not guilty. This appeal by the Village followed.

The constitutionality of the Village ordinance was attacked in the pleadings and, in making its decision, the criminal court found that the ordinance was con-

stitutional. Defendants now contend that, since they have raised a constitutional issue, this court has no jurisdiction and must transfer the cause to the Supreme Court of Illinois.

■ Since the question was passed on below, and we think is properly presented in appellee's brief, the test of our jurisdiction now is whether the question of constitutionality of the Village ordinance is fairly debatable. Kowalczyk v. Swift & Co., 317 Ill. 312, 322, 148 N. E. 59 (1925). We think the question is not fairly debatable because of the decision in Humphrey Chevrolet, Inc. v. Evanston, City of, 7 Ill.2d 402, 131 N.E.2d 70 (1955). Accordingly, we have jurisdiction.

■ Defendants admit that the Sunday Closing ordinances of Evanston and River Forest are identical. They contend, however, that the Humphrey case did not dispose of the issues they raise here: illegal delegation of powers; an excessive employment of police power; the impairment of the obligation of contract; granting of special privileges and immunity, denial of equal protection of the laws, and violation of due process; and aiding in the establishment of the Christian religion.

The Humphrey case expressly decided against defendants' position on the claim of the invalid exercise of police power; thus, his claim of violation of due process falls. The Humphrey case also settled the question of unconstitutionality because of religious discrimination. Since no claim is made that a defendant is a member of a religious group discriminated against by the ordinance, there is no standing to raise the question. The claims of special privileges and immunities and denial of equal protection fall by implication in the Humphrey decision. The foregoing issues are the ones we think can be said to be presented seriously.

Defendants rely upon Pacesetter Homes v. South Holland, 18 Ill.2d 247, 163 N.E.2d 464 (1959). There the Supreme Court discussed its decision in the Humphrey case and distinguished Pacesetter by saying that the ordinance in the Humphrey case "was less comprehensive than the South Holland ordinances and unlike the present one it did not prohibit the dispensing of food and drink or the sale of gasoline and lubricating oil." We think the same distinction applies to the instant case and Pacesetter.

We see no relevancy to defendants' claim based on stipulations that businesses other than furniture stores sell commodities on Sunday. See City of Metropolis v. Gibbons, 334 Ill. 431, 437, 166 N. E. 115 (1929). They have not claimed that under the ordinance other furniture stores in River Forest might legally operate and for that reason the rule in Humphrey as to automobiles applies here to furniture stores.

The remaining question is also one of law: whether what happened in the Vignola store on Sunday, July 5, 1959, was a violation of the ordinance.

Defendants cite People v. Gimbel Bros., Inc., 115 N.Y.S.2d 857 (1952) in support of the Criminal Court judgment. There, the Court of Special Sessions of the City of New York, Borough of Manhattan, decided that the word "sale," in the New York Sunday Closing statute, did not include defendant's taking orders by telephone on Sundays through a switchboard in a building other than that where merchandise was sold. There was, of course, no invitation to "browse" and no evidence of a disturbance of the public. Also, there was "evident" in New York state a trend toward relaxing the Sunday Closing law and there is no evidence of a similar trend in Illinois.

Furthermore, we think we need not go beyond Illinois law for the guide we need in construing the word "sale" in the Village ordinance. Our Supreme Court,

55

in the Humphrey case, upheld an ordinance identical with the one we have before us. In finding that such an ordinance was a valid exercise of a city's general police power the Court declared that "Sunday has been observed traditionally as a day on which the normal, nonessential, nonemergency activity of the business world ceases. . . . Legislative bodies may properly act to preserve this deep-rooted, nationwide custom, providing only that the measures adopted are reasonable." The Supreme Court, in Pacesetter Homes v. South Holland, 18 Ill.2d 247, 253, 163 N.E.2d 464 (1959), although ultimately striking down a much more restrictive ordinance, reaffirmed the legitimate purpose of Sunday Closing laws to be "to enable others to worship free from disturbance." It suggested that "where the object of an enactment is to secure the public comfort or welfare it must appear to be adapted to that end." We think this clearly indicates a construction of the River Forest ordinance in light of the purpose at which the ordinance is aimed.

These statements of purpose indicate to us that the word "sale" in the ordinance before us should have the broad meaning which includes those activities reasonably and usually connected with selling and which can reasonably be said to entail "disturbance of others in their religious worship." We think that "browsing" on the premises is, in substance, equally as disturbing as the actual transfer of title to the property viewed would be. We hold that "browsing" is within the meaning of "sale" as used in the ordinance and is a violation of the ordinance.

For these reasons, the judgment of the Criminal Court is reversed.

Reversed.

BURMAN and MURPHY, JJ. concur.