# THE CITY OF CHICAGO

*v.*

# THE PHŒNIX INSURANCE COMPANY.

*Filed at Ottawa November 15, 1888.*

1. FOREIGN INSURANCE COMPANIES—*license—power of municipal corporations—the statute construed.* Cities incorporated under the general law have no power to pass an ordinance prohibiting foreign insurance companies from insuring property therein without first procuring a license. Such power is not conferred by the proviso in section 30 of the Insurance law of 1879.

2. The provisions of section 30 of the Insurance law of 1879 were intended to establish a plan, general in character, under which the net receipts of foreign insurance companies may be taxed in the same manner and at the same rate of taxation as other personal property in the State, and the taxes so imposed are to be in lieu of all town and municipal licenses, and its effect is to repeal any and all laws in conflict therewith. The proviso therein can not be construed to confer the licensing power by implication.

3. POLICE POWER—*in cities, etc.—what subjects embraced therein—imposing license fees for revenue—legislative control.* An ordinance of a city prohibiting foreign insurance companies from doing business in its limits without taking out a license, and paying two dollars upon the $100 of their gross receipts in such city, being for the purpose of raising revenue, can not be sustained as the exercise of the police power conferred by its charter.

4. The legislature has the undoubted right, whenever it sees fit, to divest cities and villages of the police powers it may have conferred, and resume the exercise of the same itself.

5. STATUTES—*proviso—of its proper office.* The office of a proviso in a statute is not to confer power, but is generally to except something from the enacting clause, or to qualify or restrain its generality, or to exclude some possible ground of misinterpretation of its extending to cases not intended to be included.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. CHARLES A. KNIGHT, for the appellant:

The city had the power to pass the ordinance under the proviso contained in section 30, chapter 73, of the Revised Statutes. As to the power of the city in respect to collecting license money of foreign corporations doing business in the same, see *People* v. *Thurber*, 13 Ill. 554; *Firemen's Benevolent Association* v. *Lounsbury*, 21 id. 511; *Ducat* v. *Chicago*, 48 id. 172; *Van Inwagen* v. *Chicago*, 61 id. 31; *Alton* v. *Insurance Co.* 72 id. 328; *Alton* v. *Insurance Co.* 82 id. 45; *Hughes* v. *Cairo*, 92 id. 339; *Farwell* v. *Benevolent Association*, 4 Bradw. 36; 100 Ill. 197; *Springfield* v. *Insurance Co.* 21 App. R. 156.

The ordinance is valid under the police power delegated to the city. *McPherson* v. *Chebanse*, 114 Ill. 46; *Fire Department* v. *Helpenstein*, 16 Wis. 136; *Firemen's Benevolent Association* v. *Lounsbury*, 21 Ill. 511; 11 Am. &. Eng. Corp. Cases, 577; *Mason* v. *Shawneetown*, 77 Ill. 533; *Marion County* v. *Lear*, 108 id. 344; *Dunne* v. *People*, 94 id. 120; *Lake View* v. *Cemetery Co.* 70 id. 195; *Wiggins Ferry Co.* v. *East St. Louis*, 102 id. 560.

Messrs. PADDOCK, ALDIS & WRIGHT, for the appellee:

The ordinance sued on is void for lack of power in the city council to pass it. *Springfield* v. *Insurance Co.* 21 App. R. 156.

The following provisions of statutory law and decided cases will be found to have a bearing upon the general subject: Act of July 1, 1869, sec. 30; Chicago Charter of 1863, sec. 5; Laws of 1869, p. 208; City and Village act of July 1, 1872, arts. 5, 7, sec. 23, par. 111; Act of July 7, 1879; Laws of 1879, p. 179; *Chicago* v. *James*, 114 Ill. 479; *People* v. *Thurber*, 13 id. 554; *Firemen's Benevolent Association* v. *Lounsbury*, 21 id. 511; *Ducat* v. *Chicago*, 48 id. 172; *Alton* v. *Insurance Co.* 72 id. 328; *Van Inwagen* v. *Chicago*, 61 id. 31; *Hughes* v. *Cairo*, 92 id. 339; *Alton* v. *Insurance Co.* 82 id. 45; *Walker* v. *Springfield*, 94 id. 364; *Farwell* v. *Benevolent Association*, 4 Bradw. 36.

As to the office of a proviso in a statute, see *Boon* v. *Juliet,* 1 Scam. 258, and *Minis* v. *United States,* 15 Pet. 423.

Mr. Chief Justice Craig delivered the opinion of the Court:

This was an action of debt, brought by the city of Chicago, against the Phœnix Insurance Company, to recover two per cent on the gross receipts of its agency in the city of Chicago, the defendant being a foreign insurance company. The action was brought under an ordinance passed by the city council of Chicago on the 15th day of July, 1886. Sections 1 and 2 of the ordinance are as follows:

"Sec. 1. That no corporation, company or association which is not incorporated under the laws of the State of Illinois, shall effect fire insurance in the city of Chicago without first obtaining a license therefor, under a penalty of not less than $50, nor more than $100, for each and every offense.

"Sec. 2. Licenses may be granted to such corporations, companies and associations not incorporated under the laws of this State, to engage in the business of effecting fire insurance in the city of Chicago, upon the payment of the sum of two dollars upon the $100 of the gross receipts of the agency of such corporation, company or association in the city of Chicago. Said licenses shall be semi-annual, and shall expire, respectively, on the thirtieth (30th) days of June and December in each year; and there shall be paid for the same the amount of two per cent upon the gross receipts of such agency for the preceding half year. Said license fee shall be paid to the city collector, and shall be accompanied by a statement, under oath, as to the amount of said gross receipts for said preceding half year. Upon the receipt given by the collector, the license shall be issued by the mayor."

There is but one question presented by this record, and that is, whether the city of Chicago had the power to pass the ordinance. The city is organized under the general Incorporation law of the State, but it is not claimed that any special

provision of the Incorporation act confers the power. Nor is it claimed that the power exists under any act of the legislature relating to the subject under consideration, passed prior to the session of the legislature of 1879, but it is claimed that the city had the power to pass the ordinance under the proviso found in section 30 of an act approved May 31, 1879, (Public Laws of 1879, p. 179,) which section is as follows:

"Every agent of any insurance company incorporated by the authority of any other State or government, shall return to the proper officer of the county, town or municipality in which the agency is established, in the month of May, annually, the amount of the net receipts of such agency for the preceding year, which shall be entered on the tax-lists of the county, town and municipality, and subject to the same rate of taxation for all purposes,—State, county, town and municipal,—that other personal property is subject to, at the place where located, said tax to be in lieu of all town and municipal licenses; and all laws and parts of laws inconsistent herewith are hereby repealed: *Provided,* that the provisions of this section shall not be construed to prohibit cities having an organized fire department from levying a tax or license fee, not exceeding two per cent, in accordance with the provisions of their respective charters, on the gross receipts of such agency, to be applied exclusively to the support of the fire department of such city."

It will be observed, by an examination of that part of the section of the statute which precedes the proviso, that the legislature intended to establish a plan, general in character, under which the net receipts of foreign insurance companies might be taxed in the same manner, and at the same rate of taxation, as other personal property in the State, and that the taxes so imposed should be in lieu of all town and municipal licenses. The language employed is so plain, and the intent so manifest, that any attempt to elaborate the subject is uncalled for. Had the proviso been omitted from the law, it will not be contended that any power existed on behalf of the city

to enact an ordinance under which a municipal license might be imposed upon the corporation, as the act, in clear terms, declares that the assessment of the net receipts, and the taxation which follows, shall be in lieu of all town and municipal licenses.

But the question recurs, what bearing has the proviso on the point involved? The proviso, when the language used is given its natural and ordinary meaning, does not undertake to confer any power. It does not profess to confer power on a city or incorporated town. There is nothing contained in the language used which can, by any proper, legitimate construction, be held to mean a grant of power. But, independent of this, we do not understand that it is the office of a proviso in a section of a statute to confer power. In *Huddleston* v. *Francis,* 124 Ill. 196, we held that the office of a proviso, generally, is either to except something from the enacting clause, or to qualify or restrain its generality, or to exclude some possible ground of misinterpretation of its extending to cases not intended to be included. The same rule was announced by the Supreme Court of the United States in *Morris* v. *United States,* 15 Pet. 423. In *Boon* v. *Juliet,* 1 Scam. 258, this court, at an early day, held, that a proviso in a statute is intended to qualify what is affirmed in the body of the act, section or paragraph preceding it.

Under the rule of construction above indicated, we perceive no ground upon which it can be held that the proviso confers power, especially as no language is contained in the proviso, which, either expressly or by implication, undertakes to confer power upon the city.

But it is insisted, that if the city had no power to pass the ordinance under the proviso of section 30, still the ordinance is valid under the police power of the State. Subdivision 66, of section 62, article 5, of the act to provide for the incorporation of cities and villages, confers the power "to regulate the police of the city or village, and pass and enforce all necessary

police ordinances." It might be a difficult task to formulate a general rule which would determine definitely the character and scope of every ordinance which a city might pass under this clause of the statute, and we shall not in this case undertake to do so. It will be sufficient here to determine whether the passage of the ordinance in question was a proper and legitimate exercise of the police power conferred by the statute.

*McPherson* v. *Village of Chebanse,* 114 Ill. 46, has been cited as an authority sustaining the power. In the case cited, the village had passed an ordinance prohibiting persons from keeping open their places of business for the purpose of vending goods, wares and merchandise on Sunday, and it was held that the village had the power to pass the ordinance under the section of the statute cited. But the case cited has no application here. The power to regulate or prevent the transaction of business on the Sabbath in a city or incorporated town is entirely different from a power to license or tax insurance companies who may desire to transact business during the working days of each week. The ordinance passed by the city of Chicago, is one passed, as is apparent from its language, for the purpose of raising revenue,—a subject foreign to the police power conferred on incorporated towns and cities by the statute.

But if it should be conceded that the passage of the ordinance was authorized by the section of the City and Village act, as that act was originally framed, the legislature had the undoubted right, at such time as it saw proper, to divest cities, towns and villages of the power, and resume the exercise of the power itself. The act of 1879 is a clear and direct exercise of the power to license and tax foreign insurance companies doing business in this State. It is the exercise of the very power which it is claimed was conferred upon cities and villages by the act of 1872. As heretofore shown, it is provided in the act of 1879, that the tax thereby created shall be in lieu of all town and municipal licenses, and all laws and parts of laws inconsistent therewith were thereby repealed. This re-

pealing clause is an express repeal of any and every law in the State which is found to conflict with the provisions of the act of 1879. If, therefore, the city of Chicago ever had the power to pass the ordinance under the police power conferred by the City and Village act, that power was taken away by the act of 1879,—it was divested by a later act. We think the ordinance was unauthorized.

The judgment of the Appellate Court will therefore be affirmed.                               *Judgment affirmed.*\*

Mr. Justice Bailey, having heard this cause in the Appellate Court, took no part in its decision here.

---

\*City of Chicago *v.* Case.

Per Curiam: This case is governed by the preceding case,—*City of Chicago* v. *Phœnix Insurance Co.*, decided at the present term,—and for the reasons there given the judgment of the Appellate Court will be affirmed.                               *Judgment affirmed.*

Mr. Justice Bailey took no part in this decision.