### George M. Stephen, Administrator, v. Illinois Central Railroad Company.

#### Gen. No. 4,647.

1. COMITY—*when cause of action arising in foreign state will be enforced in Illinois.* A right of action which has accrued in another state of the Union will be enforced in the courts of this state, unless prohibited by law or unless it is against morals or natural justice or unless it is against the general interests of the citizens of this state.

2. VALIDITY OF STATUTE—*effect of assignment of error with respect to, in Appellate Court.* The assignment of an error in the Appellate Court questioning the validity of a statute operates to oust the jurisdiction of that court to consider the appeal.

3. STATUTORY CONSTRUCTION—*function of a proviso.* The ordinary function of a proviso is only to qualify or limit what is enacted by the rest of the section to which it is appended. This rule, while rigid in some states, is relaxed in Illinois where the intention of the legislature controls, and the effect of the proviso is sometimes to enlarge the force and effect of the statute and to operate, to an extent, as an independent enactment.

4. INJURIES ACT—*amendment of 1903 construed.* The language of the amendment of 1903 to the Injuries Act as follows: "Provided further, that no action shall be brought or prosecuted in this state to recover damages for a death occurring outside of this state," though held a proviso, is construed to have the effect of an independent enactment and to prohibit the bringing or prosecution in this state of an action to recover damages for death occurring outside of this state.

Action on the case for death caused by alleged wrongful act. Appeal from the Circuit Court of Kane county; the Hon. HENRY B. WILLIS, Judge, presiding. Heard in this court at the April term, 1906. Affirmed. Opinion filed June 1, 1906.

DANDRIDGE & PUGH and MANLY & KRAMER, for appellant; JOHN STUART ROBERTS, of counsel.

D. B. SHERWOOD, for appellee; J. M. DICKINSON, of counsel.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

George M. Stephen, as administrator of the estate of George Carpito, deceased, brought suit against the Illinois Central Railroad Company in the Circuit Court of Kane County, to recover the damages caused to the next of kin of plaintiff's intestate by his death. Each count of the declaration alleged that plaintiff's intestate was killed on or about April 12, 1904, at a place north of Covington, in Tipton County, Tennessee, while plaintiff's intestate was at work for defendant upon its railroad bed there, and because of the negligence of defendant, its foreman, and its servants in various specified respects. At the close of the declaration plaintiff set out as a part of each count of the declaration certain sections of the statutes of Tennessee, which he averred were in full force at the time plaintiff's intestate was injured, by which statutes railroad companies were required to observe certain precautions to prevent accidents, and were made responsible for damages occasioned by failure to observe said precautions, and the burden of proof and the measure of damages were prescribed; and it was averred that in Tennessee the rule that contributory negligence defeats a right of action does not apply, and that in such case the contributory negligence of the person injured or killed does not prevent a recovery, but only goes in mitigation of damages. Defendant was summoned, and filed a general and special demurrer to the declaration. The special causes of demurrer assigned were (1) that the declaration shows the cause of action is for the death of plaintiff's intestate, which is shown to have occurred in the State of Tennessee, and that

an action therefor is prohibited by the statutes of Illi-
nois; (2) that the declaration does not state a cause of
action which entitles plaintiff to have the said statutes
of Tennessee enforced in this state; (3) that said stat-
utes of Tennessee have no extra-territorial effect, and
plaintiff is not entitled to have them enforced by the
courts of this state; (4) that the allegation that by
the laws of Tennessee contributory negligence is not
applicable to the case cited in the declaration, is a
mere conclusion of the pleader, and is argumentative
and insufficient. The court sustained the demurrer;
plaintiff elected to abide by his declaration, and there
was a judgment for defendant, from which plaintiff
prosecutes this appeal.

It is a rule of law well settled in this state that a
right of action which has accrued under a statute of
one state of this Union will be enforced in the courts
of a sister state thereof, unless prohibited by law, or
unless it is against morals or natural justice, or unless
it is against the general interests of the citizens of the
state where the remedy is sought. C. & E. I. R. R. Co.
v. Rouse, 178 Ill. 132, and cases there cited; and also
cases cited in note to B. & M. R. R. Co. v. Hurd, 56 L.
R. A. 193, on page 196; and also in note to B. & O. S.
W. Ry. Co. v. Read, 56 L. R. A. 468; and also in 22
American & English Encyclopedia of Law, 2nd ed.,
1378, 1380. Under C. & E. I. R. R. Co. v. Rouse, *supra,*
the statutes of Tennessee set out in this declaration
are not regarded in this state as against morals or
natural justice, or hostile to the general interests of
our citizens. Therefore they must be enforced by our
courts unless such enforcement is prohibited by law.
Section 2 of chapter 70 of the Revised Statutes of Illi-
nois, entitled "An act requiring compensation for
causing death by wrongful act, neglect or default,"
was amended in 1903, and by said amendment the fol-
lowing among other language was introduced into the
act, to wit: "Provided further, that no action shall

be brought or prosecuted in this state to recover damages for a death occurring outside of this state.'' If these words be given their natural or ordinary meaning, they expressly prohibit the bringing and the prosecution of the present action in the courts of this state.

We are not at liberty to consider whether this statute may be contrary to public policy or for some other reason invalid. If it had been intended to make that contention, the appeal should have been taken to the Supreme Court direct. If the invalidity of the statute were involved we could not entertain this appeal. But appellant treats this statute as valid, and we must so consider it.

The position of appellant is that the words above quoted are only a proviso, and that the proper effect of a proviso is only to qualify or limit what is enacted by the rest of the statute or section; that its office is only to except something from the enactment, or to qualify or explain its generality, or to exclude some possible misinterpretation of what is intended to be included in the body of the act or section; and that its proper office is to qualify, restrain or limit, but not to enlarge the act. Reliance is had upon Huddleston v. Francis, 124 Ill. 195; City of Chicago v. Phœnix Ins. Co., 126 Ill. 276; Gaither v. Wilson, 164 Ill. 544; *In re* Day, 181 Ill. 73. Such is the general rule. ''One of the offices of a proviso is to qualify the generality of the body of the sentence of which it is a part, though it can have no potency to enlarge the scope or force of the enactment.'' Burke v. Snively, 208 Ill. 328. In some jurisdictions this rule is declared to be so inflexible that if independent legislation be attempted under a proviso, it is declared void. But most courts decline so rigid a principle, but establish a qualification to meet such a case. It is said in *In re* Day, *supra,* that while it is not the legitimate office of a proviso to enlarge the enactment to which it is appended and to operate as a substantive enactment itself, ''there is authority, however, for holding that the intention

of the legislature, if plainly expressed, is to have the
force of law, although in the form of a proviso.'' So,
in Sutherland on Statutory Construction, section 223,
while stating the general rule as to the natural and ap-
propriate office of a proviso as above, it is said, ''the
proviso will be so restricted in the absence of anything
in its terms, or the subject it deals with, evincing an
intention to give it a broader effect. It is not an arbi-
trary rule to be enforced at all events, but is based on
the presumption that the meaning of the law-maker
is thereby reached. * * * The intention of the law-
maker, if plainly expressed, must have the force of
law, though it may be in the form of a proviso; the in-
tention expressed is paramount to form.'' So, in
26 Am. & Eng. Ency. of Law, 2nd ed., 679, after stat-
ing that a proviso is confined by construction to the
subject-matter of the section of which it is a part, this
is added: ''This rule is, however, not absolute, and
if the context requires the proviso may be construed
as extending to and qualifying other sections or even
as being tantamount to an independent enactment.''
In Farmer's Bank v. Hale, 59 N. Y. 53, it was held
that if a proviso is repugnant to the purview of the
act, the proviso is not void, but stands as the last ex-
pression of the legislature. In Carroll v. State, 58
Ala. 296, the court said: ''It does not necessarily fol-
low because the term *provided* is used, that which may
succeed is a *proviso*, though that is the form in which
an exception is usually made to, or a restraint or quali-
fication imposed on, the enacting clause. It is the mat-
ter of the succeeding words, and not the form, which de-
termines whether it is or not a technical proviso.'' In
Georgia Banking Co. v. Smith, 128 U. S. 174, it was
held that while the general purpose of a proviso is as
above stated, yet the word ''provided'' is often used
in statutes in other senses, and is often used to pre-
cede an amendment to a bill, where the word ''but''
or ''and'' is meant, and simply serves to separate or

distinguish the different paragraphs or sentences. In U. S. v. Babbit, 1 Black, 55, it was held that what followed the word "provided" in the act there construed was not limited to the section in which it was found, but that it was an independent proposition. In Whartensleben v. Haithcock, 80 Ala. 565, the court said: "Generally, the appropriate office of a proviso is to restrain or modify the enacting clause or preceding matter, and should be confined to what precedes, unless the intention that it shall apply to some other matter is apparent. When from the context, and a comparison of all the provisions relating to the same subject-matter, it is manifest that the object and intent were to give the proviso a scope extending beyond the section, and effect beyond the phrase immediately preceding, it will be construed as restraining or qualifying preceding sections relating to the subject-matter of the proviso, or as tantamount to an enactment in a separate section, without regard to its position and connection." In Mayor of Cumberland v. Magruder, 34 Md. 381, where important language in an act before the court for construction was found under the word "provided," and it was sought to limit its force to that of a mere proviso, the court in vigorous language declared that no such narrow interpretation ought to be adopted, and that the plain and imperative and salutary language of the clause there in question should not be defeated by any nice construction founded on its position or connection or the technical word by which it was prefaced and that it was as potent as if enacted in a separate section. Bank v. Manfg. Co., 96 N. C. 298. There are other similar decisions.

If the words in question here be treated as a mere proviso, they only mean that no action shall be brought or prosecuted in this state under chapter 70 of the Revised Statutes to recover damages for a death occurring outside of this state. But neither by the earlier

language of that amended section 2, nor by any provision of that chapter before said amendment, was a right of action given for a death occurring outside this state. In any suit brought in this state for an injury inflicted in another state "the law of the place where the right was acquired or the liability incurred will govern as to the right of action, while all that pertains to the remedy will be controlled by the law of the state where the action is brought." C. & E. I. R. R. Co. v. Rouse, *supra,* where cases so holding are collected. In 22 Am. & Eng. Ency. of Law, 2nd ed., 1378, 1380, it is said that the act which is the cause of the injury and the foundation of the action must be actionable by the law of the place where the injury is done; that it will not be sufficient that a right of recovery is given by the statute of the jurisdiction where redress is sought; and that whatever would be a defense to an action of tort, if brought in the state where the tort was committed, is a defense in the state of the forum, unless against the policy of the forum, and it is such a defense even if it would not have been a defense if the cause of action had arisen in that state. That the cause of action depends upon and is given only by the law of the place of the injury is further sustained by cases cited in a note in 56 L. R. A., on pages 210, 211 and 217. Chapter 70 of the Revised Statutes therefore never gave, as indeed its language did not purport to give, a cause of action for injuries inflicted or death caused in another state. It follows that to interpret the clause here in question as a mere proviso qualifying the former part of said section 2, or the whole act, would make it meaningless. But the legislature had some purpose to serve in inserting these words. The only interpretation we can put upon them which will give them any force or make them accomplish any purpose is to hold, as we do, that this was intended by the legislature as an independent provision or enactment forbidding the bringing or

prosecution of any action in this state to recover damages for a death occurring outside of this state. We consider the legislative intent too plain to be disregarded.

As each count showed that the cause of action arose and the death occurred in the state of Tennessee, we are of opinion the progress of the suit could properly be arrested by a demurrer.

The judgment is, therefore, affirmed.

*Affirmed.*