THE CITY OF CLINTON, Appellant, *vs.* JOAQUIN WILSON, Appellee.

*Opinion filed February 20, 1913—Rehearing denied April 2, 1913.*

1. ORDINANCES—*rule of ejusdem generis.* In the construction of statutes and ordinances general words following an enumeration of particular things are held to apply only to things of the same kind as those specifically referred to.

2. SAME—*when words "other places of amusement" do not include moving picture shows.* Under the rule of *ejusdem generis,* an ordinance prohibiting keeping open on Sunday "any billiard room, ball or pin alley, baseball grounds or other places of amusement," does not include moving picture shows.

3. MUNICIPAL CORPORATIONS—*ordinances which regulate secular business on Sunday are within the police power.* Ordinances regulating secular business on Sunday are within the police power of municipalities, and will be sustained where they rest upon proper charter authority.

4. SAME—*power to pass ordinance must be found in the charter.* The power of a city to pass an ordinance must be found in its charter in express terms, or it must be necessary to carry out the powers expressly granted, or be essential, and not simply convenient, to the declared objects and purposes of the corporation.

5. SAME—*when an ordinance for Sunday closing is not invalid.* Clause 66 of section 1 of article 5 of the Cities and Villages act, concerning police power, authorizes the passage of an ordinance requiring Sunday closing of places of business, and the fact that certain business occupations are excepted does not render the ordinance invalid for discrimination, provided the classification made by the ordinance has a reasonable basis.

6. SAME—*when ordinance prohibiting labor on Sunday applies to moving picture show.* An ordinance forbidding any person to keep open his place of business on Sunday or to pursue his daily labor or occupation applies to the keeping open of a moving picture exhibition having a ticket seller, ticket taker and other employees engaged in and about the exhibition.

7. SAME—*when classification made by a Sunday closing ordinance is not unreasonable.* The fact that an ordinance prohibiting persons from keeping open their places of business or performing their daily labor on Sunday does not embrace persons who conscientiously observe some other day of the week as the Sabbath, or cases of necessity or charity, or hotels, eating houses, drug stores,

tobacco stores, barber shops or livery stables, does not render the ordinance invalid, as the classification so made is not unreasonable.

8. SAME—*police regulations of a city may differ from those of State if not repugnant thereto.* The police regulations of a city may differ from those of the State concerning the same subject matter, provided they are not repugnant to the State regulations.

9. SAME—*when Sunday closing ordinance does not contravene the policy of the State.* An ordinance prohibiting persons from keeping open their places of business or laboring on Sunday, except as to persons observing some other day as the Sabbath, cases of necessity or charity, and as to hotels, eating houses, drug stores, tobacco stores, barber shops and livery stables, does not contravene the public policy of the State as evidenced by its legislative enactments on the subject.

APPEAL from the Circuit Court of DeWitt county; the Hon. W. G. COCHRAN, Judge, presiding.

STONE & GRAY, for appellant.

LEMON & LEMON, and HERRICK & HERRICK, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an action brought by the city of Clinton against appellee for an alleged violation of a city ordinance. The action was instituted before a police magistrate and heard before a jury, a fine of $10 being assessed against appellee. An appeal was taken to the circuit court, and that court, at the close of all of appellant's evidence, instructed the jury to find appellee not guilty. From the judgment in that court, entered on the verdict of not guilty, this appeal was prosecuted.

Appellee was the manager of the Star Theatre, in Clinton. On Sunday, April 14, 1912, he conducted in said theater a moving picture exhibition of Dante's Inferno, having a ticket seller, a ticket taker and other employees regularly engaged in and about the theater and the moving picture exhibition. The complaint alleged that appellee had

violated two sections of a certain ordinance, which read as follows:

"Sec. 55. *Places of amusement closed on Sunday.*— Whosoever shall on Sunday keep open any billiard room, ball or pin alley, baseball grounds or other places of amusement within said city, or shall suffer or permit persons to assemble therein for the purpose of play or amusement, shall for each offense be subject to a fine of not less than $10 nor more than $50.

"Sec. 56. *Places of business closed on Sunday.*—Whosoever shall on Sunday keep open, or permit to be kept open, his place of business, or shall pursue his daily labor or occupation within said city, shall on conviction be fined not less than $10 nor more than $50: *Provided,* that this section shall not be applicable to persons who conscientiously observe some other day of the week as the Sabbath, nor in cases of necessity or of charity, nor to hotels, eating houses, drug stores, tobacco stores, barber shops or livery stables."

No question is made as to the ordinance of which these sections are a part having been properly enacted.

The first question raised in the briefs is whether said section 55 was intended to apply to moving picture exhibitions. The places of amusement specifically enumerated are billiard rooms, ball or pin alleys and baseball grounds. Do the words in that section, "or other places of amusement," include theaters, moving picture shows and places of entertainment of that character? As ordinarily conducted, a modern moving picture show is a place of amusement and is patronized in much the same way as a theater, though usually a smaller admission fee is charged. Appellee's exhibition, according to the evidence, was produced in a theater and was the same on Sunday as on the preceding week days. In his advertisement he referred to his proposed "Sunday shows." In the construction of statutes and ordinances, when general words follow an enumeration of

particular things, such general words are held to apply only to cases or things of the same kind as those which are referred to specifically. (*Shirk* v. *People,* 121 Ill. 61; *City of Chicago* v. *Ross, ante,* p. 76; *Gundling* v. *City of Chicago,* 176 id. 340.) General words associated with specific words are restricted to a sense analogous to the less general. (*Misch* v. *Russell,* 136 Ill. 22; Endlich on Interpretation of Statutes, sec. 400.) In *State* v. *Chamberlin,* 21 Ann. Cases, (Minn.) 679, it was held that the word "shows," in the Minnesota statute prohibiting certain sports on the Sabbath day, under the rule of *ejusdem generis* referred only to out-door sports and did not include a moving picture exhibition. The amusements here specifically enumerated were of the character of games or sports, and under the rule of construction just considered we do not think the words "other places of amusement" related to amusements in theaters, such as moving picture exhibitions.

The chief contention, however, in the briefs is as to whether the city authorities of Clinton were authorized to enact said section 56 of the ordinance here in question. It seems to be conceded by counsel on both sides that statutes which set apart Sunday as a day of rest and prohibit the doing of certain things on that day have for their object the promotion of the health and good order of society, and are generally held constitutional as within the domain of the police power of the States. (37 Cyc. 541, and cases cited; 27 Am. & Eng. Ency. of Law,—2d ed.—390, and cases cited.) This court has said: "The legislature has the sole power to prohibit every kind of secular labor or business on Sunday, or such, only, as it may choose, but we have no power to prohibit any labor or business on that or any other day. We can only enforce the law as it is enacted. When the legislature shall prohibit labor, whether it shall disturb others or not, and the transaction of business or the making of contracts, we will unhesitatingly carry out the legislative will, but we can neither add to

nor detract from statutes as they are enacted." (*Richmond* v. *Moore,* 107 Ill. 429.) To keep open, manage and superintend a theater and sell tickets therein on Sunday constitutes labor. (*City of Topeka* v. *Crawford,* [Kan.] 17 L. R. A. [N. S.] 1156, and note; *Quarles* v. *Arkansas,* 14 L. R. A. 192, and note.) Under section 56 of the ordinance the prohibition was as to labor and business generally, except as to certain enumerated kinds, and clearly included work and labor such as was performed by appellee and his employees in and about the management and conduct of the exhibition in question. Ordinances regulating secular business on Sunday are within the police power of municipalities and will be sustained where they rest upon proper charter authority. Cooley's Const. Lim.—6th ed.— 725; 3 McQuillan on Mun. Corp. sec. 963; 2 Dillon on Mun. Corp. sec. 719, and note; Harris on Sunday Laws, secs. 2, 3.

Did the Cities and Villages act authorize the city of Clinton to enact said section 56 of the ordinance? The power of a city to pass an ordinance must be found in its charter in express terms, or it must be necessary to carry out the powers expressly granted, or be essential, and not simply convenient, to the declared objects and purposes of the corporation. (*City of Chicago* v. *Weber;* 246 Ill. 304; *City of Chicago* v. *M. & M. Hotel Co.* 248 id. 264.) It may be conceded that under the Cities and Villages act there is no provision granting to the city authorities, in express terms, the authority to set apart Sunday as a day of rest and prohibit labor on that day. Clause 66 of section 1 of article 5 of the Cities and Villages act (Hurd's Stat. 1911, p. 266,) gives the power to the authorities of incorporated cities and villages "to regulate the police of the city or village, and pass and enforce all necessary police ordinances." Under this general grant of power this court held that the village of Chebanse was authorized to pass an ordinance prohibiting anyone from engaging in the

business of vending goods, wares and merchandise in said village on Sunday. (*McPherson* v. *Village of Chebanse,* 114 Ill. 46.) In *City of Chicago* v. *Phœnix Ins. Co.* 126 Ill. 276, *Wice* v. *Chicago and Northwestern Railway Co.* 193 id. 351, *City of Chicago* v. *Gunning System,* 214 id. 628, *City of Chicago* v. *Bowman Dairy Co.* 234 id. 294, and *Ritchie & Co.* v. *Wayman,* 244 id. 509, this court upheld the rule laid down in *McPherson* v. *Village of Chebanse, supra,* that an ordinance of a municipality prohibiting persons from keeping open places of business on Sunday was a proper exercise of the police power, and quoted that decision on this question with approval. In *Gundling* v. *City of Chicago, supra,* this court upheld an ordinance of the city of Chicago regulating the use of cigarettes as being within the power of the city to enact under said clause 66. In *City of Chicago* v. *Gunning System, supra,* this court, under the general police power granted by said clause 66, held that a municipality had full power and authority to regulate the construction and use of bill-boards within its corporate limits, provided the regulation was not unreasonable. The authority to pass such ordinances has been generally upheld in other jurisdictions under the general welfare clause or under the general police power similar to that granted by said clause 66. 2 Dillon on Mun. Corp.—5th ed.—secs. 718, 719.

It is insisted, however, by counsel for appellee, that the ordinance in the *McPherson case, supra,* was a general one, and did not except from its provisions certain enumerated classes of business, as does the ordinance here; that this ordinance discriminates between persons of the same class, and is therefore unreasonable and void. While the opinion in the case referred to does not set out the ordinance there under discussion, the records on file in this court show that said ordinance did contain certain exceptions with reference to meat markets, drug stores, groceries and barber shops. When the subject matter and provisions of a mu-

nicipal ordinance are left to the discretion of the city council, such discretion is not absolute, but is subject to the limitation that the ordinance must be reasonable. When the power to legislate on a given subject is conferred and the mode of its exercise is not prescribed in the charter, then an ordinance passed in pursuance thereof must be a reasonable exercise of that power. *City of Lake View* v. *Tate,* 130 Ill. 247; 2 Dillon on Mun. Corp.—5th ed.—secs. 598, 600.

It is contended by counsel that this ordinance is unconstitutional because it is special legislation. This court has said that if all laws were held unconstitutional because they did not embrace all persons, few would stand the test; that a law is general, not because it embraces all the governed, but that it may, from its terms, when many are embraced in its provisions, embrace all others when they occupy like positions to those who are embraced. (*Hawthorn* v. *People,* 109 Ill. 302.) A law that is made applicable to a certain class or classes of citizens must be based upon some substantial difference between the situation of that class or classes and other individuals or classes to which it does not apply. (*Ritchie & Co.* v. *Wayman, supra; People* v. *Elerding,* 254 Ill. 579.) We think a substantial difference exists in the classes of employment and business embraced within the prohibition of section 56 and those excepted from such prohibition.

It is further argued that this ordinance contravenes the public policy of the State as shown by the legislative enactments with reference to Sunday laws. Municipal ordinances must be in harmony with the general laws of the State. An ordinance, passed under a general grant of authority, which infringes the spirit of the State laws is invalid. The legislature may confer police power upon municipalities on subjects within the authority of existing State laws. The police regulations of the city may differ from those of the State upon the same subject if they are

not repugnant thereto. (*City of Chicago* v. *Union Ice Cream Co.* 252 Ill. 311.) To the same effect is *McPherson* v. *Village of Chebanse, supra.* In that case it was held that an ordinance such as this was not repugnant to the public policy of the State. The statutes bearing on this question have not been changed since that decision was rendered. It necessarily follows that this ordinance does not conflict with the general policy of the State on this subject.

The judgment of the circuit court will be reversed and the cause remanded to that court for further proceedings not inconsistent with the views herein set forth.

*Reversed and remanded.*