## City of Chicago, Appellee, v. Van Schaack Brothers Chemical Works, Appellant.

### Gen. No. 33,790.

Opinion filed January 27, 1930. Rehearing denied February 10, 1930.

ARNDT, GAVIN, GRIFFIN & HANLEY and DEFREES, BUCKINGHAM, JONES & HOFFMAN, for appellant; DON KENNETH JONES and ROBERT E. WRIGHT, of counsel.

SAMUEL A. ETTELSON, Corporation Counsel and FRANK PESKA, City Prosecutor, for appellee; GEORGE SUGARMAN and RANSOM E. WALKER, Assistant City Prosecutors, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought a quasi-criminal action against the defendant to recover the maximum penalty provided by a city ordinance claimed to have been violated by the defendant. A jury was waived and at the conclusion of the evidence the court found defendant had violated the ordinance described in plaintiff's statement of claim, imposed the maximum fine of $200 and this appeal follows.

The charge against the defendant, as alleged in the city's statement of claim, was that the defendant had

violated section 2,193 of the Municipal Code of Chicago, 1922, in that from November 8, 1927, to November 23, 1928, the defendant "failed to prevent fumes and odors escaping (from its factory) into the outer air"; that the fumes became a nuisance and detrimental to the public health.

The evidence shows that the defendant operated a plant at 3358 Avondale Avenue, Chicago, in which were manufactured two principal products, namely, amyl acetate, which is commonly referred to as "banana oil," and ethyl acetate, both used as solvents in the manufacture of lacquers. Lacquer is a varnish consisting of a solution of shellac and alcohol. All of the evidence which was offered on behalf of the city shows, without dispute, that offensive odors were emitted from the factory. These odors were described by some of the witnesses as nauseating and by others as a chemical odor from lacquer and that it was nauseating. The evidence further shows that this odor was noticeable for a considerable distance from the factory, depending on the direction of the wind. The defendant offered no evidence except the introduction of a city ordinance, so that the offensiveness of the odor is established without dispute.

The defendant contends that its plant did not come within the provision of the ordinance mentioned in plaintiff's statement of claim, with the violation of which defendant was charged, and that this is shown not only by an examination of the ordinance mentioned in the statement of claim, but by another ordinance introduced by the defendant which defendant claims is applicable to a factory such as the one operated by the defendant.

The question for decision therefore is whether the factory operated by the defendant comes within the meaning of section 2,193 of the Municipal Code of Chicago, for no matter how offensive the odors emitted from defendant's factory, the judgment in the instant

case cannot be sustained unless the ordinance applies. Section 2,193, so far as is material, is as follows:

"Manufactory or foundry—refuse and cinders to be removed—emission of odors and smoke prohibited.

"The owner, lessee, tenant, occupant or manager of every blacksmith or other shop, forge, coal yard, brick yard or place where bricks are manufactured, . . . shall cause all ashes, cinders, rubbish, dirt, and refuse to be removed . . . nor shall any such owner, lessee, tenant, occupant or manager cause or allow any dense smoke, cinders, dust, gas or offensive odor to escape from any such building, structure, place or premises, which shall be offensive or prejudicial to the health or dangerous to the life of any person or persons not being therein or thereupon engaged; and it is hereby declared to be a nuisance to permit any ashes, cinders, rubbish, dirt or refuse to accumulate on any of the above mentioned premises . . . and become filthy or offensive, or to cause or allow any dense smoke, cinders, dust, gas or offensive odor to escape from any such building, structure, place or premises, and the commissioner of health or any officer designated by him may summarily abate the same."

Counsel for the city contend that the chemical factory operated by the defendant as shown by the evidence comes within the ordinance because the ordinance, after naming blacksmith shops, to which it expressly applies, contains the following: "or other shop" and it is contended that the factory in question is brought within the terms of the ordinance by the words, "or other shop." In support of this the argument is made that the purpose of the ordinance was to enable the city to suppress offensive odors arising from any shop and that the defendant's factory is a shop within the meaning of the ordinance. We think this contention cannot be sustained. In the construction of statutes and ordinances, general words following an enumeration of particular things, such general words are held to apply

only to cases or things of the same kind as those which are referred to specifically. *City of Clinton v. Wilson,* 257 Ill. 580. Under this well established rule of construction, we think the words "or other shop" used in the ordinance which follow the word "blacksmith," apply to other shops of the same kind and cannot be held to apply to a shop or factory where chemicals are made. We are therefore of the opinion that the ordinance mentioned in plaintiff's statement of claim does not apply to the defendant's chemical factory, and it therefore follows that the judgment of the municipal court of Chicago must be reversed.

The judgment of the municipal court of Chicago is reversed.

*Judgment reversed.*

McSurely, P. J., and Matchett, J., concur.